WILLIAM CROWELL, et al., v. IDA WARD.

ACTION ON GUARDIAN'S BOND; *In what Name to be Prosecuted.* A person, after arriving at full age, may maintain an action in his or her own name, against his or her former guardian and the sureties on the guardian's bond, for a breach of the conditions of the bond, although the bond was executed in the name of the state of Kansas as obligee.

*Error from Miami District Court.*

ACTION by *Ward*, in her own name as plaintiff, against *Crowell* and two others, on a bond given by Shiveley as guardian, and executed by the other defendants as sureties. The defendants demurred to the petition, alleging that plaintiff had no legal capacity to sue on said bond in her own name, and that the action should have been in the name of the state. The district court, at the December Term 1873, overruled the demurrer, and gave judgment for plaintiff. The defendants bring the case here on error.

*B. F. Simpson,* for plaintiffs in error.

*W. R. Wagstaff,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Ida Ward against W. T. Shively, William Crowell, and A. G. McKinsie, for the breach of the condition of a guardian's bond. Shively was the guardian. Crowell and McKinsie were the sureties on the bond, and Ida Ward was the minor under guardianship. She is now, and was at the commencement of this suit, of full age. The bond was executed in the name of the state of Kansas as obligee. It is now admitted by the parties that the only question involved in the case is, whether Ida Ward can maintain this action in *her own name,* or whether she must prosecute the same in the name of the state. At common law, all actions on penal bonds had to be prosecuted in the name of the obligee. This was not always so in equity,

and it is not generally so under our statutes. In this state the rule is, that actions must be prosecuted in the name of the real party in interest. (Civil Code, § 26.) Every assignee of a chose in action must now sue in his own name. In this state we hear nothing of "John Doe," and "Richard Roe," for in our action of ejectment the real party in interest must sue in his own name. (Code, §§ 595, 26, 11.) In an action of mandamus, or *quo warranto*, an individual person can no longer sue in the name of the state; but he must prosecute his action in his own name. (*The State v. Jefferson Co.*, 11 Kas. 66; Civil Code, § 654; Laws 1871, page 277, § 2; *The State v. Bartlett*, 13 Kas. 102.) Even a married woman may now sue separately, and in her own name. (Gen. Stat. 563, § 3; Civil Code, § 29.) Indeed, she must do so if she is the only party in interest. And for breaches of officers' bonds, executors' bonds, and administrators' bonds, any person injured may sue in his or her own name, although such bonds are executed in the name of the state as obligee. (Gen. Stat. 468, § 183; Civil Code, § 686.) We would therefore expect to find by an examination of the laws that any person injured by a breach of a guardian's bond would have a right to sue therefor in his or her own name. Such a mode of procedure would certainly seem to come within the spirit of the laws of Kansas. The statutes do not define who shall be the obligee of a guardian's bond. They provide that "Guardians appointed to take charge of the property of the minor must give bond, with surety, to be approved by the court, in a penalty double the value of the personal estate, and of the rents and profits of the real estate of the minor, conditioned for the faithful discharge of their duties as such guardian, according to law." (Comp. Laws, 577, § 6; Gen. Stat. 513, § 7.) The bond in this case was executed in the name of the state as obligee. Such a bond we think is valid. But it might also be valid if it were executed in the name of the court, or the minor, or some one else, as obligee. The statute also provides with reference to guardians, that "A failure to comply with any order of the court in relation to the guar-

dianship, shall be deemed a breach of the conditions of the guardian's bond, *which may accordingly be put in suit by any one aggrieved thereby*, for which purpose the court may appoint another guardian of the minor, if necessary." (Comp. Laws, 578, §18; Gen. Stat. 515, §19.) If the minor has become of full age, as in this case, he or she may prosecute the action. But if the minor is still a minor, then "the court may appoint another guardian of the minor" to prosecute the action for him or her. The words, "which may accordingly be put in suit by any one aggrieved thereby," contained in the foregoing statute, must mean, in the light of all the other statutes, that the breach of the condition of the bond may "be put in suit by" and in the name of "any one aggrieved" by reason of such breach. If they do not mean this, and if such aggrieved person must sue in the name of the state, then we should have a strange and an anomalous exception to our general mode of procedure. And it would be an exception to our general mode of procedure, not only without any good reason therefor, but against reason. The petition in this case alleges that the guardian failed to comply with an order of the probate court previously made requiring the guardian to pay over to the plaintiff the sum of $4,231.29, an amount previously found to be due the plaintiff on final settlement. But suppose the plaintiff has no right to sue in her own name in this action: then how can she obtain her rights? There is no provision anywhere to be found in the statute giving her or any one else any right to use the name of the state in suing on a guardian's bond. Indeed, no private action of any kind can be prosecuted in the name of the state. Actions prosecuted in the district court in the name of the state are prosecuted by the county attorney, and they should be public actions. (Gen. Stat. 284, §136.) Actions prosecuted in the supreme court in the name of the state are prosecuted by the attorney general. (Gen. Stat. 986, § 64.) And they also should be public actions. Public actions and private actions are intended to be kept separate, in this state. Public actions may be prosecuted in the name of the state,

county, or other public corporation. But private actions must be prosecuted in the name of the person beneficially interested therein. We except the actions given by chapter 79 of the laws of 1871. These actions are *quasi* public, *quasi* private, and come under no rule. The progressive spirit of the present age is to separate public rights from private rights, public actions from private actions, *and to give to every person of full age and sound mind a right to sue and be sued in his or her own name,* and to make each person responsible for his or her own acts. It would be a retrograde movement toward the dark ages to require that a private person, for a private right or wrong, in which the state has no interest, should prosecute his or her action to enforce such right or redress such wrong in the name of the state.

The judgment of the court below is affirmed.

All the Justices concurring.