[No. 5834.]

# ISABELLA GRAFF, a MINOR, BY GEORGE ZOBE-LEIN, HER NEXT FRIEND, v. KOUIS MESMER AND H. HAMMEL.

SURETIES ON GUARDIAN'S BOND.—An action will not lie against the sureties on the bond of the guardian of an infant until the account of the guardian has been settled by the Probate Court.

ACCOUNTS OF GUARDIANS. — The Probate Court has authority to settle the accounts of the guardian of an infant after his letters are revoked.

APPEAL from the District Court, Seventeenth Judicial District, County of Los Angeles.

The complaint averred that on the 8th day of February, 1875, F. P. F. Temple was, by the Probate Court of the County of Inyo, appointed guardian of the estate of the plaintiff, upon giving bond with sureties in the sum of $6,400, and that on the 1st day of March, 1875, he gave the bond with the defendants as sureties; and that on the 15th day of April, 1875, there came into his hands, as guardian, the sum of $2,500, the property of the ward; that the money was now in the hands of the guardian, except $477.50, which he had paid to the plaintiff's attorneys; that on the 20th of March, 1876, he had filed in the Probate Court of Inyo County a statement of his account with the estate of his ward, showing a balance due from him to the estate, of principal, $2,022.50, and of interest, $188.09; and that said Temple was insolvent. The defendants demurred to the complaint, and the Court overruled the demurrer and rendered judgment for the plaintiff. The defendants appealed.

*Howard, Broussea & Howard*, for the Appellants.

A settlement of the account by the Probate Court, and an order to pay the amount found due, is necessary in order to maintain a suit against the sureties. (*Stilwell* v. *Mill*, 19 Johns. 303 ; *Salisbury* v. *Van Holsen*, 3 Hill, 77.)

*Glassell, Chapman*, and *Smiths*, for the Respondent.

The account filed by Temple was sufficient to enable us to maintain this action. (*Brown* v. *Snell*, 57 N. Y. 297.)

There has been a breach of the bond. (1 Williams on Executors, p. 446.)

By the COURT:

Under secs. 1629 and 1789 of the Code of Civil Procedure, the guardian, notwithstanding the revocation of his letters, might have been cited by the Probate Court to render his final account, the settlement of which by the Court would have conclusively established the amount due to the ward, even as against the sureties in the official bond of the guardian. If, on being cited for that purpose, the late guardian had refused or neglected to render the account, he might have been compelled by attachment to do so; or if, for any reason, that remedy was unavailing, the Court might have caused the account to be made up, audited, and settled upon such evidence as should be adduced on behalf of the ward. It appears from the findings that in March, 1876, the then guardian filed in the Probate Court a statement of his accounts, showing a balance then due to the ward; but this account was never settled or allowed by the Court, and no final account was rendered by the guardian prior to the revocation of his letters in the succeeding August, nor at any time thereafter, so far as the case shows. On these facts, we are of opinion that an action will not lie against the sureties in the bond, to recover the balance shown to be due by the account rendered in March, 1876. It is the peculiar province of the Probate Court to settle the accounts of guardians; and as we have seen, it has authority to do so, even after the letters are revoked. The statute contemplates that its power in that respect shall be exclusive in those cases in which the necessary authority has been conferred, as in this case. If the rule were otherwise, a suit against the sureties on the official bond would often involve the settlement of a complicated account before a jury instead of a Probate Court, which possesses peculiar

facilities for scrutinizing the accounts and holding the guardian to a proper accountability. For these reasons the demurrer to the complaint ought to have been sustained.

Judgment and order reversed and cause remanded, with an order to the Court below to sustain the demurrer to the complaint.