## KARCHER V. PEARCE.

CHANGE OF VENUE — PREJUDICE OF JUDGE.— It is no ground for a change of venue in a civil case that the judge had formerly represented the people as prosecuting attorney in a criminal prosecution against defendant, and had been counsel for the plaintiff in a civil suit against him.

*Appeal from Douglas County Court.*

Messrs. BROWNE & PUTNAM, for appellant.

Messrs. J. A. BENTLEY and J. W. FARRELL, for appellee.

RICHMOND, C.   This action was originally brought before a justice of the peace, and thereafter appealed to the county court, where the appellant, defendant below, filed an application for a change of venue, which application was based upon the following affidavit:

"John B. Karcher makes oath and says that he has just grounds to fear and does fear that he cannot and will not receive a fair trial in said county court wherein said cause is now pending, because the Honorable Amos G. Webster, judge of said county court, was attorney for the people (and is prejudiced against the affiant) in a certain prosecution against affiant before Charles E. Lowell,

justice of the peace in said county, in the year 1886, and appeared against this affiant in the trial thereof; and also that the said judge was counsel for one Clay in certain litigation between him and this affiant during the past few months, and before his election as judge of said court. Wherefore affiant prays for change of venue in pursuance of the statute in such cases made and provided."

The application for a change of venue was denied. Thereafter defendant and his attorney withdrew their further appearance in the case. The court thereupon heard the testimony of the witnesses in behalf of the plaintiff, and rendered judgment against the defendant for the sum of $252.44, to reverse which judgment appellant prosecutes this appeal.

The sole ground relied upon by appellant is error of the court in overruling the motion for change of venue. The affidavit states no statutory grounds for a change of venue, and is wholly insufficient to warrant this court in interfering with the ruling of the court, under the discretion vested therein by the statute touching applications of this character. De Walt v. Hartzell, 7 Colo. 602.

The mere fact that an attorney, in his professional capacity, formerly prosecuted an individual in a civil or criminal action, creates no presumption that such attorney is prejudiced against such individual in any other matter. The judgment should be affirmed.

PATTISON and REED, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is affirmed.

*Affirmed.*