Arthur J. Keeffe et al., Appellants, *v.* Third National Bank of Syracuse et al., Respondents.

1. Judges — Disqualification to Sit in Case — Code Civil Pro· cedure, Section 46 — Definition of Words "Cause or Matter." The phrase "cause or matter," as used in section 46 of the Code of Civil Procedure, which forbids a judge to sit or take part in the decision of a case if he has acted as attorney or counsel therein, refers only to actions or special proceedings in which a judge might sit or take part; the word "cause" meaning a cause of action, and the word "matter" referring only to some judicial matter or proceeding, and under the Code is included in special proceedings for the enforcement of civil rights.

2. SAME. Where a judgment was entered in an action brought upon certain promissory notes by a firm of lawyers, a member of which thereafter became a judge, which judgment was partly satisfied, the attorneys paid, the relation of attorney and client between them and the plaintiff permanently terminated, and prior to the assumption of his judicial duties the firm was dissolved, the judge retaining no connection therewith or interest in its business, he is not disqualified from hearing and determining a subsequent action brought by another attorney, the purpose of which was to enforce a resulting trust in certain property held for the benefit of one of the judgment debtors, upon the ground that it was brought in aid of the judgment in the former action, and that the two actions should be regarded as one, thus falling within the inhibition of section 46 of the Code of Civil Procedure; especially where the judge, although he must be regarded as having constructively appeared in the first action, was never consulted in reference thereto and gave no advice or performed no services therein and there is no claim whatever that in the second action he appeared either by representation or otherwise or that he gave any counsel therein.

*Keeffe* v. *Third Nat. Bank*, 79 App. Div. 644, affirmed.

(Argued January 14, 1904; decided January 29, 1904.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 28, 1903, affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term.

This action was to set aside and vacate a judgment recovered in March, 1900, wherein the defendant, the Third National Bank, was plaintiff, and the plaintiffs in this action, with others, were defendants, entered upon a decision rendered by Mr. Justice Hiscock, after a trial before him at Special Term.

In March, 1891, the Third National Bank retained the firm of Hiscock, Doheny & Hiscock to bring an action upon two promissory notes owned and held by it, made by the Syracuse Fibre Ware Company to the order of Torry, treasurer, and indorsed by John C. Keeffe and Catherine L. Keeffe. They caused a summons and verified complaint to be served upon the defendants John C. Keeffe and Catherine L. Keeffe and the Syracuse Fibre Ware Company. None of the defendants

appeared or answered, and on the thirtieth of April, 1891, judgment by default was entered against them. On that day said attorneys duly issued an execution on such judgment, which was returned unsatisfied except as to the sum of five hundred and eighty dollars collected thereon. Thereafter, and within one year from the entry of the judgment, the bank paid said attorneys in full for their services in such action, and the relation of attorney and client ceased and was finally terminated. When that action was brought the justice who tried the case was a member of that firm, but was not consulted in reference thereto, or in reference to the action, judgment or proceedings had therein, and gave no advice and performed no services in respect to the same. In November, 1896, he was duly elected a justice of the Supreme Court, entered upon his duties as such January 1, 1897, and is still such justice. It was before him the action, brought by the Third National Bank against Arthur J. Keeffe, Lewis A. Hawley, John C. Keeffe, Catherine L. Keeffe, Syracuse Fibre Ware Company, Syracuse Land & Steamboat Company, and Syracuse Rapid Transit Railway Company, was tried. The firm of Hiscock, Doheny & Hiscock was dissolved just prior to Justice Hiscock's entry upon his duties as such, and the latter has had no interest in said firm or its business, or any connection therewith since its dissolution. Nor was said firm in any way connected with or interested in the second action, directly or indirectly. No question as to any disqualification on the part of the trial justice was raised upon the trial of that action or until it reached the Court of Appeals. The plaintiffs in this case made a number of motions in that suit before the same justice, obtained several orders upon which they acted and under which they received substantial benefits, and they also have received substantial benefits under the judgment they now seek to set aside. At the time of the trial the plaintiffs in this action were fully aware of all the facts as to Justice Hiscock's relation to the firm of Hiscock, Doheny & Hiscock, as to the judgment obtained by that firm and the execution issued thereon, but in no way objected or

even suggested at the Special Term that the said justice was disqualified, and in no way questioned the jurisdiction of the court as thus constituted. The judgment in that action was affirmed by the Appellate Division. There was, however, no evidence given therein as to the relation of said justice to the firm of Hiscock, Doheny & Hiscock, but the same question which is presented upon this appeal was argued in the Court of Appeals by the appellants in that case, where the judgment was affirmed. Upon the trial of this action the Special Term dismissed the complaint, an appeal was taken to the Appellate Division, where it was unanimously affirmed, and from that judgment the plaintiffs have appealed to this court.

*Louis Marshall* for appellants. The judgment in the action of *Third National Bank* v. *Keeffe* and others is void because of the disqualification of Mr. Justice Hiscock to sit in said action and decide any matter therein, and for the same reason the order appointing a receiver as well as the other orders made by him and all proceedings under said judgment are also void. (Code Civ. Pro. § 1871; *Estes* v. *Wilcox*, 67 N. Y. 264; *Allyn* v. *Thurston*, 53 N. Y. 622; *Smith* v. *Reed*, 134 N. Y. 568; *Bank of Rochester* v. *Emerson*, 10 Paige, 175; *Sturgis* v. *Vanderbilt*, 73 N. Y. 384; *C. C. Bank* v. *Parent*, 134 N. Y. 527; *O. Nat. Bank* v. *Olcott*, 46 N. Y. 18; *Prentiss* v. *Bowden*, 145 N. Y. 342; *Dygert* v. *Remerschneider*, 32 N. Y. 629; *Smith* v. *Reid*, 134 N. Y. 569.) Judge Hiscock being disqualified, jurisdiction was not conferred by the failure of the defendant in that action to object to his acting in the case, nor was jurisdiction acquired by the defendant making applications at terms of court at which Justice Hiscock presided. (*Oakley* v. *Aspinwall*, 3 N. Y. 547; *Chambers* v. *Clearwater*, 1 Abb. Ct. App. Dec. 341; *Matter of Walker*, 136 N. Y. 20; *Beardslee* v. *Dolge*, 143 N. Y. 160; *French* v. *Merrill*, 27 App. Div. 612; *Matter of N. F. & W. R. Co.*, 121 N. Y. 319; *Gay* v. *Minot*, 3 Cush. 352; *Matter of Caffrey*, 52 App. Div. 264.)

*George W. O'Brien* for Third National Bank of Syracuse et al., respondents. The action tried before Mr. Justice Hiscock and the judgment entered April 30, 1891, and the executions issued thereon, were not the same cause or matter, and the justice not having decided any issue or made any ruling respecting the judgment of April 30, 1891, in the action tried before him, he was not disqualified within the fair meaning of section 46 of the Code of Civil Procedure. (*Taylor* v. *Root,* 4 Keyes, 344; *Newton* v. *Hooks,* 48 N. Y. 676; *Powers* v. *Witty,* 42 How. Pr. 352; *Heath* v. *N. Y. B. L. Co.,* 146 N. Y. 260; *Kamp* v. *Kamp,* 59 N. Y. 212; *Walker* v. *Walker,* 155 N. Y. 80; *Underwood* v. *Sutcliffe,* 77 N. Y. 58; *McCartney* v. *Bostwick,* 32 N. Y. 60; *Wood* v. *Robinson,* 22 N. Y. 564; *Garfield* v. *Hatmaker,* 15 N. Y. 475.) The full and complete knowledge which appellants had of the facts which they claim disqualified the trial justice while trying the case in his court and the fact that they did not call the attention of the court to same, prevents their maintaining this action. (*Mayor, etc.,* v. *Brady,* 115 N. Y. 599; *Clute* v. *Potter,* 37 Barb. 199; *N. Y. & H. R. R. Co.* v. *Haws,* 56 N. Y. 175; *Vilas* v. *Johnson,* 1 N. Y. 274; *Merrifield* v. *Bell,* 37 N. Y. S. R. 743; 1 Freeman on Judgments [4th ed.], § 486; *Le Greene* v. *Gouverneur,* 1 Johns. Cas. 436; *McVickar* v. *Stewart,* 4 Johns. 510; *Lansing* v. *Eddy,* 1 Johns. Ch. 49; *Foster* v. *Wood,* 6 Johns. Ch. 87; *Norton* v. *Woods,* 22 Wend. 520.)

*James S. Thorn* for Syracuse Fibre-Ware Company, respondent. The authority of the attorney ceases upon the entry of judgment. (*Lusk* v. *Hastings,* 1 Hill, 656; *Egan* v. *Rooney,* 38 How. Pr. 121; *Davis* v. *Solomon,* 25 Misc. Rep. 695; *Ward* v. *Sands,* 10 Abb. [N. C.] 60; *Cruikshank* v. *Goodwin,* 49 N. Y. S. R. 603; *Ward* v. *Roy,* 69 N. Y. 96.) As a matter of fact and of law the retainer had ceased years before the creditor's bill was filed. (*Walradt* v. *Maynard,* 3 Barb. 584; *MacBeath* v. *Cook,* 1 M. & P. 513; Weeks on Attorney & Client, § 243; *Gonnigal* v. *Smith,* 6 Johns. 108.)

The appellants had full and complete knowledge of every fact touching the alleged disqualification of Judge Hiscock at the time of the entry of the judgment in the action of *Third National Bank* v. *Keeffe* March 10, 1900, and more than that they knew these same facts before and during the trial of that action and at the time each of the many motions were made therein. Courts of equity will not relieve a party from a judgment where the facts constituting its invalidity were known to him at the time of the trial or he might have ascertained them. (1 Freeman on Judgments [4th ed.], § 480; *Norton* v. *Woods*, 22 Wend. 520; *Smith* v. *Nelson*, 62 N. Y. 286; *Stillwell* v. *Carpenter*, 59 N. Y. 420; *Vilas* v. *Johnson*, 1 N. Y. 274; *Merrifield* v. *Bell*, 37 N. Y. S. R. 743; *Lansing* v. *Eddy*, 1 Johns. Ch. 49.)

MARTIN, J. The only question presented upon this appeal is whether the trial justice was disqualified to hear and determine the case resulting in the judgment which this action was brought to vacate and set aside. The appellants' claim that he was thus disqualified is based solely upon the provisions of section 46 of the Code of Civil Procedure, which forbids a judge to sit or take part in the decision of "a cause or matter" in which he has been attorney or counsel.

The first question arises as to the meaning which should be given to the words "cause or matter," as used in that section. When we examine the Code, we find that all judicial proceedings are divided into actions and special proceedings. An action is then defined as an ordinary prosecution, in a court of justice, by a party against another party, for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense; and "every other prosecution by a party, for either of the purposes specified," is declared to be a special proceeding. (§§ 3333, 3334.)

In the light of these provisions, it seems quite clear that the words "cause or matter" in section 46 were intended to refer only to actions or special proceedings in which a judge might sit or take part, the word "cause" meaning a cause of action,

and the word " matter" referring only to some judicial matter
or proceeding and under the Code is included in special pro-
ceedings for the enforcement of civil rights.    Indeed, so gen-
erally has the word " matter" been regarded as descriptive of
a special proceeding, that in entitling a proceeding of that
character the word " matter" is universally employed.    More-
over, it is evident that a judge or justice cannot, as such, sit
in or take part in the judicial decision of any matter which is
not either an action or special proceeding, as all legal pro-
ceedings are included in one or the other.

Hence, the ultimate and precise question presented is
whether the trial justice acted as attorney or counsel in the
action which he heard and decided.    Obviously not.    First,
an action was brought upon certain notes, owned and held by
the defendant, the Third National Bank, by a firm of lawyers
of which the justice was a member, judgment was obtained
by default, execution was issued thereon and returned partly
unsatisfied, the attorneys were then paid, and the relation of
attorney and client between the defendant bank and such
firm was permanently dissolved.    After the lapse of five or
six years a second action was brought by another attorney,
the purpose of which was to enforce a resulting trust in cer-
tain property held for the benefit of one of the judgment
debtors.    Thus when the latter action was commenced, not
only had the defendant's attorneys in the first action ceased
to be such, but they had also ceased to have any interest
therein.    The judgment in the first action was conclusive
upon the parties and the original cause of action was merged
in it.    That action having been terminated, it is obvious that
the trial justice did not subsequently sit in or take part in its
decision, as the judgment was absolutely final and no further
action of any kind was ever taken in that case.    The only
cause in which it is even claimed that the justice had acted as
attorney or counsel, constructively or otherwise, was the first,
which terminated years before he was elected.    While it is
true that the second action was brought in aid of the judg-
ment obtained in the first, yet it was an entirely independent

and separate action, in which the parties were not the same, and the purpose of which was different. The issues in the two actions were essentially unlike. In the first the sole question was whether the defendants were indebted to the plaintiffs in the amount stated in the complaint, and that was conclusively settled by a final judgment, and the litigation in that suit was ended. In the second the issue was whether the money or property of one of the judgment debtors had been employed in the purchase of or invested in the property, the title to which had been taken in the name of another, so that under the statute a trust resulted in favor of the judgment creditor. The first cause of action was independent of the second, although the judgment therein became an incident thereto, and its existence was necessary to its maintenance. As to the issue in the last action, it is perfectly clear that the trial justice had given no advice or counsel, either directly or by representation. Thus it is obvious that neither he nor his partners had acted as attorney or counsel in the cause or matter in which he sat, and, hence, this case does not fall within the provisions of section 46.

The contention of the appellants is that as the general purpose of the first action was to collect the defendant's debt, and as the second action was in furtherance of the same purpose, they should be regarded as but one action, and as falling within the inhibition of section 46. The infirmity of that contention lies in the fact that such is not the language of the statute. The statute prohibits a judge from sitting in a case in which he has been attorney or counsel, but does not prohibit him from presiding upon the trial of an action, although its general purpose may be similar or the same as in some case where he had acted as attorney or counsel. Certainly the language of section 46 does not justify the appellants' claim.

Thus it is manifest that the facts in this case do not bring it within the literal provisions of the statute. Nor was it within its spirit and purpose. The evident object of the statute was to prevent a judge from sitting in a case in which he had previously acted as attorney or counsel. In this case it

was expressly found that the justice was never consulted even in reference to the original action, and that he did not give any advice or perform any services therein or in relation thereto. Hence, it is apparent that he did not actually act as attorney or counsel therein within the spirit of section 46. But he must be regarded as having constructively appeared in the first action, and would have been legally disqualified from sitting in or deciding it, although he had never acted as attorney or counsel therein 'except by representation through the firm. This disqualification was technical, and arose only under the literal provisions of the statute, although perhaps not within its spirit or purpose. But in the second action he had never appeared either by representation or otherwise, and, hence, was not disqualified under the letter of the statute. Nor was his action within its spirit. There was neither claim nor pretense that the trial justice gave any counsel or acted as attorney in the case actually tried before him, or that his method of trial was otherwise than eminently fair and perfectly disinterested. Upon the argument this was absolutely conceded by the appellants' counsel. Hence, the claim as to his disqualification is at most purely technical, with no valid basis unless included within the letter of the statute, which it was not. This is rendered more obvious by the fact that no question as to the validity of the former judgment, the proceedings taken thereon, or as to the jurisdiction of the trial justice, was ever presented or even suggested until long after the conclusion of the second trial, although the appellants were familiar with all the facts pertaining to the justice's relation to the case and to the firm of Hiscock, Doheny & Hiscock.

We are, therefore, of the opinion that this case is not brought within the letter of section 46; that no facts exist bringing it within its spirit, and that under the circumstances disclosed by the record the action of the courts below was proper and the judgment should be affirmed, with costs to each of the respondents who appeared separately upon this appeal.

PARKER, Ch. J., GRAY, O'BRIEN, CULLEN, JJ. (and HAIGHT, J., in result), concur; BARTLETT, J., not voting.

Judgment affirmed.