PEOPLE ex rel. KENNEDY et al. v. GILL, Surrogate, et al.

(Supreme Court, Special Term, Ulster County.   May 27, 1911.)

1. JUDGES (§ 47*)—DISQUALIFICATION—ACTING AS COUNSEL.
     Under Judiciary Law (Consol. Laws 1909, c. 30) § 15, and Code Civ.
Proc. § 2493, declaring that a judge shall not sit in a case in which he
has been an attorney, etc., one who before he became a surrogate acted
for the State Comptroller in proceedings involving the transfer tax on a
decedent's estate is not thereby disqualified, after the termination of the
proceeding, to hear and determine a petition for the removal of dece-
dent's executors and trustees, and to compel an accounting.
     [Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 214–223; Dec.
Dig. § 47.*]

2. JUDGES (§ 47*)—DISQUALIFICATION—ACTING AS COUNSEL.
     A surrogate received a claim against a decedent's estate and wrote a
letter to the executrix, demanding payment, but no action was com-
menced on the claim, and the surrogate had no interest absolute or con-
tingent in the claim subsequently placed for collection in the hands of
another.   Held, that the surrogate was not disqualified from compelling
the executors and trustees of decedent to account.
     [Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 214–223; Dec.
Dig. § 47.*]

3. JUDGES (§ 47*)—DISQUALIFICATION—ACTING AS COUNSEL.
     A surrogate had formerly acted as attorney for the administrator of
an intestate, but he was not interested in an action brought against third
persons to recover on a note alleged to be due the intestate.   Another
attorney appeared as attorney of record in that action, and the surrogate
had no interest in the action.   Held, that the surrogate was not disquali-
fied from compelling the executors and trustees of the estate of one of
the third persons to account.
     [Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 214–223; Dec.
Dig. § 47.*]

4. JURY (§ 19*)—PROHIBITION—ISSUES—TRIAL.
     The court may direct the trial by jury of issues raised by a petition
for a writ of prohibition, the return, and affidavits submitted, but need
not do so where the issues can be reviewed on the papers submitted.
     [Ed. Note.—For other cases, see Jury, Dec. Dig. § 19.*]

Prohibition by the People, on the relation of Gilbert F. Kennedy
and others, executors and trustees under the will of David Kennedy,
deceased, against Walter N. Gill, Surrogate of Ulster County, and
another, as receiver of Gilbert F. Kennedy, to command defendants
to refrain from proceeding in a pending proceeding in the Surrogate's
Court.   Alternative writ quashed.

Rounds, Hatch, Dillingham & Debevoise (Ralph S. Rounds, of
counsel), for relators.

G. D. B. Hasbrouck, for defendant Shufeldt.

RUDD, J.   A writ of prohibition issued out of this court to Walter
N. Gill, surrogate of Ulster county, and to Augustus Shufeldt, re-
ceiver of the property and effects of Gilbert F. Kennedy, command-
ing said surrogate and said Augustus Shufeldt to refrain from fur-
ther proceeding in a certain proceeding pending in the Surrogate's
Court of Ulster county, instituted by the said Shufeldt, for the re-

moval of Gilbert F. Kennedy, Charles David Kennedy, and Eliza B. Kennedy as executors of and trustees under the last will and testament of David Kennedy, deceased. The order directing the issuance of the writ directed the defendants to show cause at this time why they should not be absolutely restrained from any further proceedings in said special proceeding now pending before the surrogate of Ulster county.

In April, 1910, Augustus Shufeldt, the defendant here, as receiver of the effects of Gilbert F. Kennedy, filed a petition with the surrogate of Ulster county, praying for the removal of the executors and trustees above named. An issue was framed before the surrogate and such proceedings were had that on July 11, 1910, the surrogate denied the motion made for the dismissal of the proceedings, and directed the executors to file their account on the 3d day of October, 1910. From the order thus made, an appeal was taken to the Appellate Division, and in March, 1911, the order of the surrogate was unanimously affirmed. In re Kennedy's Estate, 128 N. Y. S. 626. The relators asked leave of the Appellate Division to go to the Court of Appeals, and in May, 1911, the Appellate Division denied that application.

The relators now allege that certain facts showing in their opinion the disqualification of Surrogate Gill came to their knowledge, and that thereupon an application was made for the alternative writ of prohibition, which was heretofore issued, and they ask that such writ now be made permanent, claiming that Surrogate Gill is disqualified from acting in the surrogate's proceeding now pending in his court, for three reasons: First. Under section 15 of the judiciary law (Consol. Laws 1909, c. 30), because said proceeding is a cause or matter in which he has been attorney or counsel. Second. Under section 15 of the judiciary law, because this is a cause or matter in which he is interested. Third. Under section 2495 of the Code, because the surrogate has been counsel or solicitor in a civil action against two of the executors and testamentary trustees.

The specific facts sustaining, in the opinion of the relators, their belief in the disqualification of the surrogate, are:

(1) That he acted as attorney for the State Comptroller in a transfer tax proceeding brought to determine the amount of property upon which in the estate of David Kennedy the transfer tax should be imposed.

(2) Because W. N. Gill wrote this letter:

"November 12th, 1908.

"Mrs. Eliza Kennedy. Dear Madam: Robert Watson & Son have placed with a claim of Sixty-five Dollars and Sixty-five Cents for repairs to property of Kennedy Estate. This claim has been standing over a year, and unless the same is paid by December 1st, action will be brought to recover same. Mr. John T. Watson has called on Mr. Gilbert Kennedy in relation to the matter, and was informed it was in your hands.

"Yours Very Truly,                                          W. N. Gill."

(3) That Walter N. Gill acted as attorney for John C. Goodrich, as administrator of the estate of Ida H. Abbey.

[1] The proceeding in which Walter N. Gill was employed by the State Comptroller was a separate proceeding in which he was em-

ployed by the State Comptroller, paid by him, and the proceeding terminated in June, 1906. In that proceeding there was determined the amount of property which under the law was subject to· the payment of a transfer tax; that is, that there was so much property owned by the testator at the time of his death. It was not a proceeding to administer the estate in any way. Walter N. Gill was not surrogate when he acted for the State Comptroller. The issues involved in the transfer tax proceeding are not involved in the proceeding now pending before the surrogate. It does not seem that the pending proceeding before the surrogate is the same "cause or matter" involved in the transfer tax proceeding. The contention of the relators here in this regard does not seem to be justified any more than was the contention of the appellants in Keefe v. Third National Bank, 177 N. Y. 305, 69 N. E. 593.

[2] As to the letter written by W. N. Gill concerning the Watson claim from the return made by the surrogate to the writ, it appears that all that was done by him was the writing of the letter which is set forth that no action was ever commenced; that the surrogate has no interest whatever, absolute or contingent, in the claim; that it is not now in his hands for collection; and that the claimant is not a party to the proceeding pending for an accounting, nor is the validity of such claim involved in such proceeding, nor could such claimant by any action or proceeding known to the law have the validity of his claim passed upon by the surrogate of Ulster county. The presumption that such claims are taken by attorneys practicing at the Ulster bar upon a percentage basis covering their compensation for services rendered, and that Mr. Gill must have taken such claim upon such basis, and that, therefore, he must have a pecuniary interest in the claim, or did have, which was sufficient to disqualify him here, is a somewhat violent presumption.

[3] The facts concerning the alleged disqualification of Surrogate Gill because he acted as attorney for John C. Goodrich as administrator of the estate of Ida H. Abbey are that he had for some time acted as attorney for John C. Goodrich as administrator, and that he recognized his disqualification to act in matters pending in the Surrogate's Court in which the Abbey estate was interested, and in recognition of such disqualification he filed certificates dated, respectively, April 17, 1909, and March 9, 1911; that he had acted as such attorney for the administrator of the Abbey estate seems not to be questioned, but that he was really the attorney interested in an action brought against David Kennedy and Charles David Kennedy to recover upon a note alleged to be due the Abbey estate for $5,000, in which action Amos Van Etten appeared as the attorney of record, there does seem to be considerable doubt, as evidenced by the return of the surrogate made to the writ, and particularly by the affidavit of Amos Van Etten herewith submitted, by which affidavit it appears that Amos Van Etten denies that he ever stated to Gilbert F. Kennedy that he had no interest whatever in the claim or suit, referring to the action upon the five thousand dollar note, and that he acted therein as attorney only at the request of Mr. Gill. The fact of Surrogate Gill's appearance as attorney for the administrator of the Abbey estate, his certifying

that he was disqualified in any matter in the Surrogate's Court relating to that estate, and that Amos Van Etten, a reputable practitioner at the Ulster bar, brought an action for the administrator of the Abbey estate against the Kennedys upon the note in question, and that Mr. Van Etten swears in effect that he was the attorney in the matter, is entirely consistent with a proper professional recognition of the true relations which should exist both by the surrogate and Mr. Van Etten.

[4] That there is power for this court to direct the trial by a jury of the issues which are claimed to be raised by the petition, return, and·affidavits herewith submitted is recognized, but it does not seem to the court that such submission would be justified. The matters here involved can be quite as carefully and intelligently reviewed upon the papers which are here submitted. It does not seem that Surrogate Gill is or should be disqualified. That he sees fit to submit a return and to contend that he should be permitted to act in the performance of his judicial duties in the matters before him pending or to continue to act particularly after the proceeding has been for months pending, and an order by him made has been unanimously affirmed by the Appellate Division prior to the petition made for the writ of prohibition, is quite in keeping with the recognition on his part of the full responsibility of his judicial office, and that he sees fit to take such position and not temporarily vacate his office is not subject to the criticism that he is lacking in any way in a sense of judicial propriety.

An order may be entered quashing the alternative writ of prohibition herein, with costs to the defendant.