## TITLE GUARANTY & SURETY CO. v. SLINKER.

No. 2708.    Opinion Filed December 3, 1912.

(128 Pac. 696.)

1.    **APPEAL AND ERROR**—Review—Scope—Assignments Not Supported by Authority.    Assignments of error presented by counsel in their brief or oral argument, if unsupported by authority, will not be noticed by the court, unless it is apparent without further research that they are well taken.

2.    **CONTINUANCE** — Grounds — Absence of Witness—Incompetent Evidence.    A motion for a continuance based upon the absence of a witness is properly overruled where the affidavit supporting

the motion shows that the facts it is alleged the witness would prove if present would be incompetent for the purpose offered.

3. **GUARDIAN AND WARD**—Guardian's Account—Settlement—Impeachment by Guardian. A guardian will not be permitted to testify in a manner to impeach the final settlement of his guardianship accounts, regularly made by the county court.

4. **SAME** — Guardian's Bond — Sureties—Final Settlement—Conclusiveness. Sureties on a guardian's bond are, in the absence of fraud, concluded by the decree of the county court, duly entered on a hearing on an accounting, or final settlement, as to the amount of the principal's liability, although the sureties are not parties to the accounting.

5. **PLEADING**—Answer—Effect. Where a pleading styled an answer contains an allegation to the effect that the petition does not state facts sufficient to constitute a cause of action, coupled with allegations of facts constituting a defense, and thereafter a general denial by way of a reply is filed thereto, it was not error for the court below to disregard the allegations attacking the petition and require the parties to proceed to trial, when the case was reached for that purpose, upon the issues of fact joined by the petition, answer, and reply.

6. **GUARDIAN AND WARD**—Settlement of Accounts—Revocation of Letters. It is within the province of the county court to require guardians to settle the accounts of their wards, even after the letters of guardianship have been revoked.

7. **SAME**—Guardian's Bond—Action by Minor. A minor by his legal guardian may maintain an action on the official bond of a former guardian, although the bond, which was executed prior to statehood, was made payable to the United States of America.

8. **JUDGES**—Disqualification—Interest. Section 2012, Comp. Laws 1909, which provides that "no judge of any court of record shall set in any cause or proceeding in which he may be interested, or in the result of which he may be interested," does not preclude a county judge from acting in the matter of the settlement of a guardian's accounts whose letters of guardianship have been revoked because he acted as attorney for the guardian in the matter of his appointment.

(Syllabus by the Court.)

*Error from District Court, Bryan County;*
*Jas. R. Armstrong, Judge.*

Action by William Raymond Slinker, a minor, by his legal guardian, A. Neely, against the Title Guaranty & Surety Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*Edward C. Griesel* and *Kyle & Newman,* for plaintiff in error.

*Chas. E. McPherren, Chas. P. Abbott,* and *Chas B. Cochran,* for defendant in error.

KANE, J. This was an action on the official bond of J. I. Slinker, guardian of William Raymond Slinker, a minor, upon which the Title Guaranty & Surety Company was surety. No service of summons was had upon the principal, for the reason that he could not be found in the county where the action was commenced, and upon trial to a jury there was a judgment against the Title Guaranty & Surety Company, to reverse which this proceeding in error was commenced.

Counsel for plaintiff in error present quite a number of contentions in their brief which are entirely unsupported by any authority, and, as it is not apparent to the court that any of them are well taken, we will not notice that class of assignments further, but will confine ourselves to propositions upon which authority is cited *pro* and *con.*

The first assignment of the latter class is to the effect that the court erred in overruling the motion for a continuance filed by the plaintiff in error. This motion was supported by affidavit, and was based upon the absence of J. I. Slinker, who, it seems, had departed from the state, and, as the affidavit states, was a resident of Ft. Worth, Tex. The affidavit supporting the motion was to the effect that the evidence of Slinker would tend to show that he did not owe the estate of his ward the sum found to be due him by the county court in a settlement had therein, after citation upon the guardian demanding him to make a settlement of his ward's affairs after he had been removed from office. Such evidence is incompetent and could not have been introduced if the witness had been present. It seems to be well settled that, under statutes similar to ours, a guardian will not be permitted to testify in a manner to impeach the final settlement of his guardianship accounts regularly made by the county court. *Graff v. Mesmer,* 52 Cal. 636; *Brodrib v. Brodrib et al.,* 56 Cal. 563; *Deegan v. Deegan et al.,* 22 Nev. 185, 37 Pac. 360, 58 Am. St.

Rep. 742; *In re Wells' Estate and Guardianship,* 140 Cal. 349, 73 Pac. 1065.

This, in effect, was held by this court in the case of *Southern Surety Co. v. Burney et al.,* 34 Okla. 552, 126 Pac. 748, wherein it was held that:

"Sureties on a guardian's bond are, in the absence of fraud, concluded by the decree of the county court, duly entered on a hearing on an accounting, or final settlement, as to the amount of the principal's liability, although the sureties are not parties to the accounting."

On the above proposition, which is also directly involved in the case at bar, the foregoing case is decisive.

It seems that the pleading styled an answer filed by the defendant, besides containing facts constituting a defense, contained an allegation to the effect that the petition did not state facts sufficient to constitute a cause of action. After the answer was filed, plaintiff filed a general denial by way of reply. Thereafter counsel asked leave to argue separately the allegations of its answer, which amounted to a demurrer, which leave was denied by the court, which action constitutes another ground of error. There is no statutory authority for combining an allegation which amounts to a demurrer with facts constituting a defense. The answer in an action at law is for the purpose of stating defensive facts and a demurrer raises questions of law, and should be filed and disposed of before the answer is filed. In *Ryndak v. Seawell,* 13 Okla. 737, 76 Pac. 170, it was held:

"Where a demurrer and an answer are filed at the same time, the answer being filed before a decision is had upon the demurrer, and the petition in the case contains but one count or cause of action, the answer will be held to have superseded the demurrer, and the trial should proceed as though no demurrer had been filed."

In the instant case we think the court was justified in requiring the parties to proceed to trial, when the cause was reached for that purpose, upon the issues joined by the petition, answer, and reply, and treating the allegations of the answer attacking the petition as surplusage.

The next error is to the effect that the court erred in permitting defendant in error to admit in evidence the decree or

settlement of the county court against J. I. Slinker, the guardian. This upon the theory that a citation requiring a guardian to appear and make his final account, after he has been removed as such guardian, although duly served, is of no binding force or effect. This contention is without merit. Section 13, art. 7, of the Constitution, provides that:

"The county court shall have the general jurisdiction of a probate court. It shall probate wills, appoint guardians of minors, idiots, lunatics, persons *non compos mentis,* and common drunk-.ards; grant letters testamentary and of administration; settle accounts of executors, administrators and guardians; transact all business pertaining to the estates of deceased persons, minors, idiots, lunatics, persons *non compos mentis,* and common drunkards, including the sale, settlement, partition and distribution of the estates thereof."

Sections 4941, 4950, and 5522, Comp. Laws 1909, in terms confer the same authority.

In *Graff v. Mesmer, supra,* it was held:

"It is the peculiar province of the probate court to settle accounts of guardians; and, as we have seen, it has authority to do so even after the letters are revoked. The statute contemplates that its power in that respect shall be exclusive in those cases in which the necessary authority has been conferred, as in this case."

The plaintiff in error complains of the action of the court in admitting in evidence the guardian's bond sued on, for the reason, that the same is made payable to the United States of America, whilst this suit is prosecuted in the name of the minor by his legal guardian. The bond was executed prior to statehood, and, under the law then in force, the bond was properly made payable to the United States.

In *Crowell et al. v. Ward,* 16 Kan. 60, which was an action on a guardian's bond, and identical with the case at bar, discussing the question as to whether the action should be brought in the name of the minor or in the name of the state of Kansas, the court says:

"Indeed, she must do so if she is the only party in interest. And for breaches of officers' bonds, executors' bonds, and administrators' bonds any person injured may sue in his or her own name, although such bonds are executed in the name of the state. as obligee. * * * We would therefore expect to

find by an examination of the laws that any person injured by a breach of a guardian's bond would have a right to sue therefor in his or her own name.   Such a mode of procedure would certainly seem to come within the spirit of the laws of Kansas. The statutes do not define who shall be the obligee of a guardian's bond.   They provide that 'guardians appointed to take charge of the property of a minor must give bond, with surety, to be approved by the court, in a penalty double the value of the personal estate, and of the rents and profits of the real estate of the minor, conditioned for the faithful discharge of their duties as such guardian, according to law.'   *   *   *   The bond in this case was executed in the name of the state as obligee.   Such a bond, we think, is valid.   But it might also be valid if it were executed in the name of the court, or the minor, or some one else, as obligee."

Other cases to the same effect are *Curry et al. v. Gilla County*, 6 Ariz. 48, 53 Pac. 4; *Kimball v. Bleick et al.*, 24 Ore. 59, 32 Pac. 766: *Heisen v. Smith et al.*, 138 Cal. 216, 71 Pac. 180, 94 Am. St. Rep. 39.

The last assignment is to the effect that the court erred in overruling the defendant's motion to set aside the judgment herein on the ground that the settlement of J. I. Slinker's guardianship accounts by the county court was void, for the reason that the county judge settling said accounts was disqualified to so act, in that he had represented the said J. I. Slinker as an attorney in securing his appointment many years prior to the date of the said accounting.   The only evidence offered on this point was the order removing Mr. Slinker as guardian, which contains a recital that said judge was disqualified to sit in the hearing of the petition for said Slinker's removal, in that he had been of counsel in the matter of securing his appointment.   We do not think that this evidence tends to connect the county judge with the accounts settled in such a manner as to disqualify him from acting in the matter of their settlement.

In the case of *State ex rel. McCormick v. Woody*, 14 Mont. 455, 36 Pac. 1043, it was held:

"A judge who had been attorney for an administratrix is not disqualified to try a proceeding brought by certain creditors of the estate to remove her, under section 547 of the Code of Civil Procedure, providing that a judge shall not act as such

where he has been attorney for either party in the action or proceeding."

Other cases in point and to the same effect are *Karcher v. Pearce,* 14 Colo. 557, 24 Pac. 568; *Conyers v. Ford,* 111 Ga. 754, 36 S. E. 947; *Shoemaker v. South Bend Spark Arrester Co.,* 135 Ind. 471, 35 N. E. 280, 22 L. R. A. 332; *Glass v. Glass,* 127 Iowa, 646, 103 N. W. 1013; *Stewart v. Mix, Sheriff,* 30 La. Ann. 1036; *Blackburn v. Craufurd,* 22 Md. 447; *Keeffe et al. v. Third Nat. Bank of Syracuse,* 177 N. Y. 305, 69 N. E. 593.

Finding no reversible error in the record, the judgment of the court below is affirmed.

All the Justices concur.