## LYONS *et al.* v. FULSOM.

No. 5189.    Opinion Filed December 14, 1915.

(153 Pac. 868.)

1. **GUARDIAN AND WARD—Action on Guardian's Bond—Parties.** A minor, by his legal guardian, may maintain an action on the official bond of a former guardian.

2. **SAME—Appointment of Guardian—Evidence.** Letters of guardianship are competent evidence of the appointment of the person named therein as guardian.

(Syllabus by Bleakmore, C.)

*Error from Superior Court, Muskogee County;*
*Farrar L. McCain, Judge.*

Action by Willie Fulsom, a minor, by his guardian, R. Broaddus, against Bruce Lyons and another. Judgment for plaintiff, and defendants bring error. Affirmed.

*De Roos Bailey, J. E. Wyand,* and *Chas. A. Moon,* for plaintiffs in error.

*Alvin F. Molony* and *B. Broaddus,* for defendant in error.

Opinion by BLEAKMORE, C.   This action was commenced in the superior court of Muskogee county on August 29, 1912, by Willie Fulsom, a minor, by his guardian, B. Broaddus, as plaintiff, against Bruce Lyons and David Roberts, defendants, it being alleged, in substance, that B. Broaddus was the duly appointed, qualified, and acting guardian of plaintiff, a minor; that on January 25, 1908, one Louis Fulsom was duly appointed guardian of the person and estate of the plaintiff by the county court of Muskogee county; that on June 25, 1908, said Louis Fulsom, together with the defendants, Lyons and Roberts, as sureties, executed and delivered his bond as guardian, which was on said day duly filed and approved, and letters of guardianship were thereupon issued to said Louis Fulsom, who, as such guardian, took possession of property and assets of the estate of plaintiff and remained in the office and acted as such guardian until about July 5, 1912; that as such guardian, said Louis Fulsom collected and received $398.75 derived from the sale of a portion of plaintiff's estate, converted the same to his own use, and failed and refused to account therefor; that he was duly cited to appear and render an account as guardian and show cause why he should not be removed; that an accounting was had, upon which it was found and determined by the county court of Muskogee county that there was due and owing to the estate of the minor by said guardian the sum of $398.75; that said guardian had breached the bond in appropriating said money to his own use.   Defendants demurred generally to the petition, which demurrer was overruled, and thereafter by verified answer they specifically denied the

allegations of the petition; but upon trial amended their answer to admit that upon the filing and approval of the bond in suit letters of guardianship were issued to Louis Fulsom, and that he took possession of the estate of the minor plaintiff. The cause was tried to the court.

The deputy clerk of the county court of Muskogee county identified the letters of guardianship of the present guardian, B. Broaddus, his evidence being as follows:

- "Q. I will ask you, Mr. Hart, to look at that and state what it is? A. That's the letters of guardianship— Willie Fulsom's guardianship. Q. Issued to whom? A. Willie Fulsom, a minor, B. Broaddus, guardian."

The letters were introduced in evidence over the objection of defendants, there appearing thereon the indorsement:

"Recorded on 19th day of August, 1912, in guardian record No. 2, p. 520."

The bond declared on, in statutory form, and the findings and judgment of the county court that the former guardian, Louis Fulsom, had appropriated to his own use $398.75 of the estate of the plaintiff, and removing him as guardian, were introduced in evidence. There was judgment for plaintiff.

Defendants here contend that this action cannot be maintained in the name of the ward, but that the guardian alone is a proper party plaintiff in such action. This question is no longer an open one in this jurisdiction. In *Title Guaranty & Surety Co. v. Slinker*, 35 Okla. 128, 128 Pac. 696, it is said in the syllabus:

"A minor, by his legal guardian, may maintain an action on the official bond of a former guardian, although

the bond, which was executed prior to statehood, was made payable to the United States of America."

It is again contended by defendants that the evidence was insufficient to show the authority and capacity of the present guardian, B. Broaddus, to appear in the cause, in that his appointment as guardian was not proved; that the letters of guardianship introduced in evidence were not sufficiently identified, and that even had they been so identified they were inadmissible to prove his appointment for the reason that the statute, section 5481, Comp. Laws 1909, provides:

"All letters of guardianship issued, and all guardians' bonds executed under the provisions of this article, with the affidavits and certificates thereon, must be recorded by the judge of the county court having jurisdiction of the persons and estates of the wards"

—by reason whereof only the record entry of such letters was competent.

To this we cannot agree. It is evident from the record before us that the original letters of guardianship were offered in evidence and considered by the court; and in our opinion such evidence was clearly competent to establish the appointment of the present guardian. The judgment of the trial court should therefore be affirmed.

By the Court: It is so ordered.