## HICKMAN et al. v. JACKSON et al.

No. 7034—Opinion Filed Jan. 2, 1917.

Rehearing Denied May 22, 1917.

(164 Pac. 979.)

### Guardian and Ward—Bond—Obligee—Action.

Where a guardian's bond is made payable to the state of Oklahoma instead of to the county judge, as provided by law, held, same does not invalidate the bond, and if the condition of the bond substantially conforms with the statute, showing for whose benefit it was given, such party may maintain an action regardless of the obligee named therein.

(Syllabus by Freeman, C.)

Error from Superior Court, Muskogee County; H. C. Thurman, Judge.

Action by Stella Jackson, minor, by her guardian and next friend, Henry Ramsey, against P. E. Hickman and James Johnson, sureties on the bond of Robert Maxwell, her former guardian. Judgment for plaintiffs, and defendants bring error. Affirmed.

Brook & Brook, for plaintiffs in error.

S. E. Gidney, for defendants in error.

Opinion by FREEMAN, C. On the 25th day of April, 1906, Robert Maxwell was duly appointed and qualified as curator of the estate of Stella Jackson, a minor, by the United States Court for the Western District of Indian Territory at Muskogee. After statehood, all the records of this cause were transferred to the county court of Muskogee county, as provided by law. Afterwards, in 1908, said Robert Maxwell, as curator or guardian, petitioned the court for the sale of real estate belonging to said minor, and on the 18th day of December, 1908, said petition was allowed directing that the said Maxwell execute an additional bond in accordance with the statute before making such sale. This bond was executed by giving P. E. Hickman and James Johnson, plaintiffs in error, as sureties. The bond was made payable to the state of Oklahoma, conditioned in accordance with the statute, and was duly approved by the county judge on the 16th day of January, 1909. The land was sold by Maxwell, but he failed to make any report thereof as required by law, and the court entered an order directing the said Maxwell to appear and render a final exhibit and accounting of the funds, moneys, and properties which he had received as curator or guardian of said estate, and it further ordered that in case said Maxwell should fail to appear and render a final ex-

hibit at said time, a hearing would be had on a certain date, which was done, and the amount due by the said Maxwell to said estate determined.

In August, 1913, Henry Ramsey was appointed by the court as guardian of the person and estate of said minor, after the said Maxwell had been removed, and Stella Jackson, the minor, by her next friend and guardian, Ramsey, instituted suit in the superior court of Muskogee county on the bond above referred to. The defendants, plaintiffs in error, filed a general demurrer to the petition, which was overruled by the court. Later another demurrer was filed, specifically setting forth the grounds upon which the defendants relied, which was also overruled and exceptions saved. The defendants declined to plead further, and judgment was entered against them, from which judgment this appeal is prosecuted.

Plaintiffs in error contend that the bond executed by them was void because it was made payable to the state of Oklahoma instead of the county judge, as provided by the statute, and insist that if it was valid, the state of Oklahoma, and not the guardian, should have brought the suit for the use and benefit of the minor. We think the plaintiffs in error are wrong in both of these contentions.

The bond in question contained the following condition:

"Whereas, on the 18th day of December, 1908, an order was entered by the county court of Muskogee county, state of Oklahoma authorizing the above-named principal as curator of the estate of Stella Jackson, a minor, to sell certain real estate belonging to the said estate, and providing therein that said Robert Maxwell should give an additional bond in the above-named sum ($500.00) before making such sale:

"Now, therefore, if the said Robert Maxwell as such curator shall faithfully execute the duties of such trust according to law, then this obligation to be void, otherwise to remain in full force and effect."

The purpose for which this bond was given, and the party for whose benefit it was made, is clear.

The sureties on this bond, plaintiffs in error, cannot complain after the principal has failed to execute the duties of such trust according to law, because the bond was made payable to the state of Oklahoma instead of the county judge, for it is immaterial who was named as obligee, so long as the purpose and the real party in interest are manifest. This question was, we think, conclusively decided in the case of Title Guaranty & Surety

Company v. Slinker, 35 Okla. 128, 128 Pac. 696. In that case suit was brought in the name of the minor by the guardian on a bond payable to the United States of America, which had been executed prior to statehood, and the contention was made there that the guardian had no right to bring the action, but that the same should be brought by the United States. Justice Kane, in rendering that opinion, held:

"A minor by his legal guardian may maintain an action on the official bond of a former guardian, although the bond, which was executed prior to statehood, was made payable to the United States of America."

And he quoted with approval from the case of Crowell et al. v. Ward, 16 Kan. 60, which was an action on a guardian's bond made payable to the state of Kansas, in which the Kansas court held:

"Indeed, she must do so if she is the only party in interest and for breaches of officers' bonds, executors' bonds, and administrators' bonds, any person injured may sue in his or her own name, although such bonds are executed in the name of the state as obligee. * * * We would therefore expect to find by an examination of the laws that any person injured by a breach of a guardian's bond would have a right to sue therefor in his or her own name. Such mode of procedure would certainly seem to come within the spirit of the laws of Kansas. * * * The bond in this case was executed in the name of the state as obligee. Such a bond we think is valid. But it might also be valid if it were executed in the name of the court, or the minor, or some one else, as obligee."

Later, in the case of Lyons et al. v. Fulsome, 54 Okla. 84, 153 Pac. 868, this opinion was followed and approved.

We are of the opinion that the spirit of our law has been complied with, and as the conditions of the bond comply with the statute, the sureties who executed the same ought not to be permitted to escape liability on the claim that the bond is void, or that the suit should have been brought by the state of Oklahoma. It is very evident that if the suit had been brought as contended for by plaintiffs in error, it necessarily would have been for the use and benefit of this minor, because the state of Oklahoma had no interest in the controversy. The minor was the real party in interest, the conditions of the bond show that, and the action should have been brought in the name of the ward, the party in interest, no matter to whom the bond was made payable. It is therefore our opinion that said cause should be affirmed.

Plaintiffs in error insist in their brief that this cause was consolidated with another

case styled "P. E. Hickman and James Johnson v. Lizzie Jackson," after judgment had been rendered in each case; but as we find nothing in the record with reference to this last case, except the order consolidating the cases, and as there are no assignments of error relating to the last case, there is nothing before this court to consider.

It further appearing to this court that the plaintiffs in error executed a supersedeas bond when this appeal was taken, with John E. French and A. L. Gregory as sureties thereon, it is ordered and decreed that judgment be entered on said supersedeas bond against the plaintiffs in error and the said sureties for the amount of the judgment against the plaintiffs in error, together with interest and costs.

Judgment affirmed.

By the Court: It is so ordered.