McMurtrey v. Sparks.

J. E. McMurtrey, Administrator of J. P. Mc-Murtrey, Appellant, v. William Sparks, Respondent.

St. Louis Court of Appeals, May 4, 1897.

1. **Promissory Note**: MATERIAL ALTERATION, WITHOUT CONSENT OF PAYOR, EFFECT OF. The material alteration of a note or bill, without the consent of the payor or party sought to be charged, extinguishes his liability, which can not be restored by the substitution of another without his knowledge or consent.

2. ———: CHANGE IN DATE OF NOTE BY INTERESTED PARTY, WITHOUT CONSENT OF PAYOR: MATERIAL ALTERATION: LIABILITY OF PAYOR. The change in the date of a note or bill, made by the payee or party beneficially interested therein, without the consent of the payor or party sought to be charged, is not a spoliation, but a material alteration which would prevent a recovery on the original contract.

3. **Promissory Note Taken by Administrator, Payable to Himself**: INTERESTED PARTY. An administrator taking a note payable to himself as such is beneficially interested therein, and, in a suit on the note, thereby concluded from averring a want of interest in its proceeds.

*Appeal from the Dent Circuit Court.*—HON. C. C. BLAND, Judge.

AFFIRMED; Judge BIGGS, concurring, Judge BLAND not sitting.

*Jamison & Arthur* for appellant.

The act of the plaintiff in changing the date of the note sued on, and its subsequent correction before suit on the same, did not change the meaning or language of the note, nor mislead any one; it was not, therefore, an alteration. *Moore v. Bank*, 22 Mo. App. 684. See, also, *Williams v. Jensen*, 75 Mo. 681.

The authorities holding such rigid rules as to avoiding a note because of an alteration, were passing, on the question of releasing sureties. There is a material distinction between the release of a surety and the principal,* by reason of an alteration in a note. Sureties are favorites of the law. *Brewing Co. v. Hazen*, 55 Mo. App. 277.

The changing of a note, in any way, by one not beneficially interested in the note, is spoliation, and not alteration. *Medlin v. Platte Co.*, 8 Mo. 172; 1 Greenlf. Ev. [12 Ed. Redfield's], sec. 566; *Bank v. Fricke*, 75 Mo. 178.

The acts of an administrator are purely statutory, and he can only do such act, and bind the estate, when he is authorized under the law to do so. *Richardson v. Palmer's Adm'r*, 24 Mo. App. 480; *Crowley v. McCrary*, 45 *Id.* 350. See, also, *Yeakle v. Priest*, 61 *Id.* 47; *McCracken v. McCaslin*, 50 *Id.* 85; and as to liability of sureties on administrator's bond, 1 R. S. 1889, sec. 18; *State to use v. Scott*, 42 Mo. App. 203.

*L. Judson* and *L. W. Woodside* for respondent.

Even when the courts ruled that the alteration must be a material one, to affect the validity of an instrument, it was held that the alteration of the date of

a note or changing the time of its maturity, was a material alteration, which would make the instrument invalid. *Aubuchon v. McKnight*, 1 Mo. 312; *King v. Hunt*, 13 *Id.* 98.

But it is now held that any alteration in an instrument by one beneficially interested in it, made without the knowledge of the one executing it, makes it void. *Bank v. Armstrong*, 62 Mo. 62; *Haskell v. Champion*, 30 *Id.* 136; *Evans v. Foreman*, 60 *Id.* 449; *Moore v. Hutchinson*, 79 *Id.* 429; *Bank v. Fricke*, 75 *Id.* 178; *Morrison v. Garth*, 78 *Id.* 434; *Burnham v. Gasnell*, 47 Mo. App. 637; *Bank v. Bosserman*, 52 *Id.* 269; *Barnett v. Nolte*, 55 *Id.* 184; *Bank v. Myers*, 50 *Id.* 157; *Allen v. Dornan*, 57 *Id.* 288.

When a note has been altered, and thereby made invalid, the holder can not give it validity by restoring to its original condition. *Wood v. Steele*, 6 Wall. 80; *Bank v. Richmond*, 121 Mass. 101; *Draper v. Wood*, 112 *Id.* 315.

Until the heirs receive the personal property of a decedent, the legal title thereto is in the administrator. *Rouggley v. Teichmann*, 10 Mo. App. 257. And he is liable to the heirs for any improper act which accrues to them. *Myers v. Myers*, 98 Mo. 262; *Hannancamp v. Borguier*, 32 Mo. 569.

The supreme court has clearly drawn the distinction between an alteration and spoliation of an instrument. *Medlin v. Platte Co.*, 8 Mo. 235; *State v. McGonigle*, 101 *Id.* 367.

BOND, J.—This suit is upon the following note:

"$400.                              June 9th, 1895.

"Six months after date I promise to pay to the order of J. E. McMurtrey, administrator of the estate of J. P. McMurtrey, four hundred dollars, at eight per

cent. This note given in lieu of one nearly debarred. Value received with interest at eight per cent per annum.                    WILLIAM SPARKS."

The answer averred that plaintiff with intent to make valid what he deemed invalid, had altered the date of note without defendant's knowledge or consent, and hence the note was not executed by defendant. The cause was submitted to the court without a jury. There was an agreed statement of facts, to wit: "It is admitted by counsel that the note was originally dated on the ninth day of June, 1895; that the date was changed by plaintiff, the holder, to June 17, 1895, and then changed back again to its original date, June 9, 1895, and that the change was made by plaintiff for the reason that plaintiff thought the note was illegal, having been made on Sunday; that the plaintiff was afterward informed that he was mistaken and he changed it back to the original date. It is further admitted that the change was made on the note without the knowledge or consent of the defendant, and after it had been signed by defendant and delivered." There was proof that the note in question was one given in consideration for one heretofore made by defendant to plaintiff's intestate, which was "nearly out of date." There was a verdict and judgment for defendant, from which plaintiff appealed.

The first point urged on this appeal is, that the changes in the date of the note shown in the agreed statement of facts did not avoid it as to defendant. The change of the date of a note is a material one, and when made by the payee without the consent of the maker, the note is no longer valid against the latter. *Moore v. Hutchinson*, 69 Mo. 429; *Bank v. Fricke*, 75 Mo. 178; *Aubuchon v. McKnight*, 1 Mo. 312; *Wood v. Steele*, 6

PROMISSORY note: material alteration without consent of payor, effect of.

Wallace (U. S.), 80. A clear and comprehensive statement of the law on this subject is contained in the following language of Justice SWAYNE: "It is now settled, in both English and American Jurisprudence, that a material alteration in any commercial paper, without the consent of the party sought to be charged, extinguishes his liability. The materiality of the alteration is to be decided by the court. The question of fact is for the jury. The alteration of the date, whether it hasten or delay the time of payment, has been uniformly held to be material.

"The grounds of the discharge in such cases are obvious. The agreement is no longer the one into which the defendant entered. Its indentity is changed; another is substituted without his consent; and by a party who had no authority to consent for him. There is no longer the necessary concurrence of minds. If the instrument be under seal, he may well plead that it is not his deed; and if it be not under seal, that he did not so promise. In either case, the issue must necessarily be found for him. To prevent and punish such tampering, the law does not permit the plaintiff to fall back upon the contract as it was originally. In pursuance of a stern but wise policy, it annuls the instrument as to the party sought to be wronged." *Wood v. Steele, loc. cit.* 82, *supra.* Since the rule is that material alterations of notes and bills annul the obligations against unconsenting parties, it follows that their liability can only be restored by a new agreement with them. In other words, being released from the paper by one alteration thereof, they can not be rebound by another, made without their knowledge or consent. The point under review is therefore ruled against appellant.

It is, however, urged that the changes of the date of the note in question were not alterations, but mere

McMurtrey v. Sparks.

spoliations, and do not therefore prevent a recovery on the original contract. A material change in a bill or note made by a person interested therein, is an alteration. Changes in such instruments by strangers or persons having no beneficial interest therein, are spoliations. Spoliations do not annul the rights and obligations of the parties to the contract. *State v. McGonigle*, 101 Mo. 366, 367. In the case at bar the plaintiff administrator either had no right to take the note, or he had the right to fix its date, amount, rate of interest and other essential elements. He did take the note payable to himself, and brings this action to collect it. As payee and party to the note and plaintiff in a suit to enforce it, he is concluded from averring a want of interest in its proceeds. A party with whom a contract is made and who seeks to enforce its obligations, can not in such proceeding aver his want of interest in the contract or its subject-matter. The administrator of a decedent is the title holder of the personal assets of the estate for the purposes of administration, and has a pecuniary interest in them for the commission allowed him by law. The plaintiff in this case was not a stranger to the note, and the first change made by him in its date was a material alteration, not a spoliation, which avoided the instrument against the maker. The judgment in this case is affirmed. Judge BIGGS, concurs; Judge BLAND not sitting.

CHANGE in date of note by interested party without consent of payor: material alteration: liability of payor.

NOTE taken by administrator, payable to himself: interested party.