## TITLE GUARANTY & SURETY CO. v. COWEN et al.

No. 7598—Opinion Filed July 11, 1916.

On Rehearing, Jan. 13, 1919.

(177 Pac. 563.)

1. **Guardian and Ward—Sureties on Bond—Liability—Decree.**

Sureties on a guardian's bond are, in the absence of fraud, concluded by the decree of the county court, duly entered on a hearing on an accounting or final settlement as to the amount of the principal's liability, although the sureties are not parties in the accounting.

2. **Action Against Sureties on Guardian's Bond—Limitations—Suspension.**

No action can be maintained against the sureties on any bond given by a guardian, unless it be commenced within three years from the discharge or removal of the guardian. but if at the time of such discharge, the person entitled to bring such action is under any legal disability to sue, the action may be commenced at any time within three years after such disability is removed.

2. **Limitation of Actions—Disability—Time.**

In cases where the disability exists when the right of action accrues, the statute of limitations does not begin to run during the continuance of the disability.

(Syllabus by Edwards, C.)

Error from District Court. Bryan County; Jesse M. Hatchett, Judge.

Consolidated action by Charles Cowen and Myrtle Susie Cowen, minors, by their guardian, A. Neeley, against the Title Guaranty & Surety Company and John R. Cowen. Judgment for plaintiffs, and defendant Title Guaranty & Surety Company brings error. Affirmed.

Wm. F. Tyree, for plaintiff in error.

McPherren & Cochran, for defendants in error.

Opinion by EDWARDS, C. John R. Cowen was appointed guardian of Charles Cowen and Myrtle Susie Cowen, minors, by the United States Court of Indian Territory, prior to statehood. He executed a guardian's bond, with the plaintiff in error as surety. In 1908 the said John R. Cowen filed his resignation as such guardian, which was accepted by the court, and the said Cowen ordered to file his final report, and one R. A. Price, Jr., was appointed guardian for the said minors. The said Price served but a few months and resigned his guardianship, which resignation was accepted, and the said John R. Cowen was reappointed guardian of said minors and gave a new bond upon which bond, the plaintiff in error was not surety. The court was unable to get a report from the said John R. Cowen as guardian and in May, 1911, he was required to relinquish the guardianship of said minors, and A. Neely was appointed their guardian. In June, 1913, said Cowen was finally compelled by the court to make a final report of his doings as such guardian. The said report covered the time of both periods in which he acted as guardian, and is detailed and itemized to show the transactions covering the periods of time included under both his first and second service as guardian. After the filing of said report the county court, after due notice, made and entered an order approving same; such order being filed in each case. The said report discloses a liability from the said John R. Cowen to said minors. The guardian, A. Neely, thereafter and during the year 1913, filed separate suits upon the bonds for each of said minors, for the amount as shown to be due by said report, for transactions occurring during the first period of the guardianship of John R. Cowen. The actions of the two minors were consolidated and tried to the court without a jury, and judgment was entered for said minors. The court made specific findings upon all matters embodied in said report, that the amounts for which the judgment was rendered were for transactions occurring under the first period of guardianship of said John R. Cowen. The plaintiff in error in due time filed an appeal in this court.

The plaintiff in error argues two propositions for the reversal of this case: First. That there has never been a valid, legal, binding, and conclusive final settlement of the account of John R. Cowen under his first appointment, and in the absence thereof no action can be maintained against the surety on his bond. Second. That the resignation of said John R. Cowen in 1908, having been accepted by the court, fixed the liability of the surety on the bond, requiring only the final report to determine the amount, and, the action not having been instituted within five years thereafter, that the suit is barred by the statute of limitations. These propositions will be considered in their order.

Under the first proposition the plaintiff in error admits that a final report of a guardian and the order of the county court settling the account and directing the payment of the balance found due will conclude the sureties on the guardian's bond, whether they are parties to the hearing or not. But it is earnestly contended that as the two appointments of John R. Cowen were separate and distinct, that is, as there was a hiatus in his term of service during the time that Price was guardian, and that as the report as finally made by the said Cowen was made under the last appointment, that the sureties on the bond covering the guardianship under the first appointment are not bound by such report, nor by the order of the court approving same, no matter what may be shown by such report, nor what order the court made thereon.

We cannot assent to this proposition. It appears to us that the entire guardianship matter in the county court is, as to each minor, one case or proceeding, and that the mere resignation or removal of a guardian and the appointment of a successor, does not render it a new case, but is a mere incident of the pending case. In Brown et al. v. Fidelity & Deposit Co. (Tex. Civ. App ) 76 S. W. 944, the court said:

"Where an application for the appointment of a guardian of the estate of a minor has once been made, and notice thereof duly given, no further application or notice is required, to warrant the appointment of a successor to the guardian first appointed and then removed for cause. Such is our construction of the statute regulating the appointment of guardians. The probate court undoubtedly had jurisdiction of the estate of the Campbell minors when Ida L. Campbell was removed from the guardianship, and had not lost that jurisdiction when Massie was appointed, and the settlement with him approved."

In De Berry v. Wootters (Tex. Civ. App.) 57 S. W. 885, it is held:

"We are of the opinion that the order of the county court made in 1881, approving the final account of the guardians, and discharging them, was a final adjudication of all the items contained in said account, and of the balance due the guardians, and that the guardianship cannot be reopened, and the account was filed for both the guardianship and the estate, and that they were considered together, can make no difference. All the transactions, except as some insignificant amounts, belonged to the guardianship. The order that was entered closed the guardianship and discharged the appellee an his wife of their trust as guardians."

So we conclude that, while it would have been the proper practice to file a separate report covering the two periods of the guardianship of John R. Cowen, yet the filing of the report covering the entire guardianship, though such guardianship is under two separate and distinct appointments, and broken by the guardianship of a third person, is not reversible error.

Upon the second proposition, that the action is barred by the statute of limitations, we find section 6582, Revised Laws 1910, as follows:

"No action can be maintained against the sureties on any bond given by a guardian, unless it be commenced within three years from the discharge or removal of the guardian; but if at the time of such discharge the person entitled to bring such action is under any legal disability to sue, the action may be commenced * * * within three years after such disability is removed."

In the case of Grimsby v. Hudnell, 76 Ga. 378, 2 Am. St. Rep. 46, the court holds:

"The first assignment of error is that the court held that defendant in error was not barred by the statute of limitations, because she was an infant when her right of action accrued, and her action was brought within four years after attaining her majority, although she had a guardian during her minority, and this ruling is the main error complained of. The right of action in this case was in the infant, and although her guardian might maintain the action in the infant's name, the title or right was in her. If the legal title had been in the guardian, and the infant had the beneficial interest in the cause of action, then perhaps, as the guardian would have been barred, the infant would also have been barred. This is the rule applied in case of executors, administrators, and trustees, the beneficial interest being in

Infants. Wingfield v. Virgin, 51 Ga. 142. * * * We see nothing in this case to take it out of the exceptions as laid down in sections 2926 and 2927 of the Code."

In the case of Frost v. Eastern Railroad, 64 N. H. 220, 9 Atl. 790, 10 Am. St. Rep. 396, it is held:

"As a general rule, in cases where a disability exists when the right of action accrues, the statute does not run during the continuance of the disability, and it has not commenced to run against the plaintiff. Pierce v. Dustin, 24 N. H. 417; Little v. Downing, 37 N. H. 356. It is said that the plaintiff's next friend was under no disability, that he could have brought the action at any time within six years after the right of action accrued, and therefore the statute should apply to this case. It is an answer to this suggestion that it is the infant's action, and the failure of the next friend to bring suit within six years is no bar to the plaintiff's right of action. Wood on Limitation of Action, 476."

In the case of Keating v. Mich. Cent. R. Co., 94 Mich. 219, 53 N. W. 1053, the court, under a similar statute, cites many authorities and holds:

"It is contended by defendant's counsel that the term 'disability,' used in this statute, means the disability to bring suit, and that, when the right to bring suit begins, the disability is removed; that infancy is not a disability, but an infant may be disabled from bringing suit; and that, when the guardian is appointed, the disability is removed, as then the infant is in a position to bring (the action) and maintain suit, consequently then the statute begins to run. It is further contended that, if this position is not well taken, when the guardian actually brings suit the statute would begin to run from the date the suit was commenced. We cannot agree with this contention. It is evident that the disability mentioned in the statute can have no other meaning than the infancy of the party, and it is not removed until the full period of his nonage shall elapse."

We think the clear meaning of the statute is that, if the person for whose benefit the bond was made is a minor at the time the liability arises, then such person would have three years after reaching majority in which to sue on the bond, notwithstanding that the minor may have had a guardian who might have brought suit sooner. The disability is removed only upon attaining majority. We think, too, that after the liability is fixed the guardian may bring suit at any time before the ward attains majority.

The case will therefore be affirmed.

By the Court: It is so ordered.

## On Rehearing.

MILEY, J. The only questions argued on the petition for rehearing involve the construction of section 6582, R. L. 1910, quoted in the former opinion, being the applicable statute of limitations.

Counsel for plaintiffs in error argue that the cause of action accrued January 6, 1908, when the principal on the bond resigned as guardian, and not on July 25, 1913, when the final settlement of the guardian's account was had and his liability to the wards determined. In Brewer v. Perryman, 62 Okla. 176, 162 Pac. 791, decided since the original opinion in this case was handed down, this court followed the decision of the Supreme Court of California in Cook v. Ceas, 143 Cal. 221, 77 Pac. 65, and held that a cause of action accrues against the sureties on the guardians' bond when the guardian is relieved of office and his guardianship accounts, showing an indebtedness to his ward, are settled by formal order or judgment of the county court, and the statute of limitations immediately begins to run thereon, if the person then entitled to bring action is under no legal disability to sue. That decision on this point has been vigorously assailed, and we have been urged to overrule the same. While there are authorities to the contrary, and the weight of authority may be against the rule announced in Cook v. Ceas, supra, yet, the section in question is a part of our Probate Code adopted from Dakota, which in turn adopted the same from California, and the Supreme Court of North Dakota having in Gronna v. Goldammer, 26 N. D. 122, 143 N. W. 394, Ann. Cas. 1916A, 165, and United States Fidelity & Guaranty Co. v. Citizens' State Bank of Langdon, 36 N. D. 16, 161 N. W. 562, also followed the rule announced by the California court, we do not feel disposed at this time to reconsider the same. Moreover it is unnecessary to do so in this case.

If it be assumed that the statute begins to run when the guardian is discharged or removed, and not from the date of the settlement of his final account, it would not operate as a bar here, because at the time of such discharge, the wards were by reason of their minority under legal disability to sue, and this action was commenced before the disability was removed. In this connection it is argued by counsel for plaintiffs in error that "the person entitled to bring such action," within the meaning of the statute, was the successor to the principal on the bond as guardian, and not the infant wards. In the former opinion it was

assumed that in this case the wards were the persons entitled to bring the action within the contemplation of the statute, and this court has since held to the same effect in Brewer v. Perryman, supra. In Title Guaranty & Surety Co. v. Slinker, 35 Okla. 128, 128 Pac. 696, followed in Lyons v. Fulsom, 54 Okla. 84, 153 Pac. 868, it was held that **an action on the official** bond of a former guardian was properly prosecuted in the name of the ward by his legal guardian. While executors and administrators hold the legal title of decedents to personal property **for the benefit of creditors and distributors, the relation** between guardian and ward is not one which gives the guardian the legal title to the ward's estate. The **legal, as well as the beneficial, title to personal, as well as real, property remains in the ward,** and the power of the guardian is a naked trust not coupled with an interest. Woerner's American Law of Guardianship, § 53, p. 172; 21 Cyc. 77; Thompson v. Thompson, 178 Iowa, 1289, 160 N. W. 922; In re Stude's Estate, 179 Iowa, 785, 162 N. W. 10; Stewart v. Sims, 112 Tenn. 296, 79 S. W. 385; Fassitt v. Seip, 249 Pa. 576, 95 Atl. 273; Beillert v. McAnally, 223 Mo. 505, 122 S. W. 1064, 135 Am. St. Rep. 522.

While it was the duty of the succeeding guardian to protect the interests of his wards by action on the bonds, and he would himself have become liable for any loss sustained by reason of his neglect so to do, yet the liability of the sureties on the bond of the former guardian was to the infants, and the right of action thereon was in them. and an action by the succeeding guardian thereon could only be maintained by him in their names. Judson v. Walker et al., 155 Mo. 166, 55 S. W. 1083. It is quite clear that, the right of action being in the wards, and they being by reason of infancy under disability to sue, the action by the express terms of the statute was not barred.

We therefore adhere to the conclusion reached on the former hearing and the judgment is affirmed.

All the Justices concur.