## ISCHOMER et al. v. FRYER.

No. 14046—Opinion Filed Sept. 23, 1924.

Rehearing Denied Dec. 16, 1924.

**1. Guardian and Ward—Action by Guardian to Recover Ward's Money—Limitation of Action.**

In an action by a guardian of minors for the recovery of money, belonging to his wards, where the disability of minority exists when the right of action accrues, the statute of limitations does not begin to run during the continuance of disability.

**2. Same—Title to Ward's Property—Extent of Guardian's Powers.**

The relation between guardian and ward does not give the guardian a legal title to the ward's estate, but both the legal and beneficial title to personal and real property remains in the ward, and the power of the guardian is a naked trust not coupled with an interest.

**3. Same—Infancy—Limitations of Actions.**

It is quite clear that, the right of action being in the wards, and they being by reason of infancy under disability to sue, the action by the express terms of the statute was not barred.

**4. Same—Action by Guardian—Sufficiency of Petition—General Demurrer.**

Record examined, and held, that the petition states a good cause of action against the general demurrer, and that the court committed reversible error in sustaining the demurrer to the petition upon both grounds set forth in the demurrer.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5

Error from District Court, Atoka County; J. H. Linebaugh, Judge.

Action by Julius Ischomer, Ruben Ischomer, and Emily Ischomer, minors, by their legal guardian, L. M. Ischomer, against

Gordon Fryer, to recover $500 and interest. Judgment sustaining the demurrer of defendant to plaintiffs' petition. Plaintiffs bring error. Reversed.

Robt. Crockett, U. S. Probate Attorney, for plaintiffs in error.

J. G. Ralls, for defendant in error.

Opinion by THOMPSON, C. This action was commenced in the district court of Atoka county, Okla., by Julius Ischomer, Ruben Ischomer, and Emily Ischomer, minors, by their legal guardian, L. M. Ischomer, plaintiffs in error, plaintiffs below, against Gordon Fryer, defendant in error, defendant below, to recover the sum of $500, with interest thereon at the rate of six per cent. from the 14th day of November, 1912.

The parties to this action will be referred to as plaintiffs and defendant as they appeared in the lower court.

The petition was filed on the 31st day of October, 1921, which, omitting the caption, is as follows:

"Comes now Julius Ischomer, Ruben Ischomer and Emily Ischomer, minors, by their legal guardian, L. N. Ischomer, plaintiffs, and for their cause of action against the defendant. Gordon Fryer, would allege and state:

"1. That at, and prior to the dates hereinafter mentioned, the defendant was the attorney of the plaintiffs and their said guardian, and as such attorney, was authorized and empowered to collect for said plaintiffs, all moneys due them and to pay the same over to their said guardian.

"2. That defendant, as such attorney, on or about the 14th day of November, 1912, collected and received from one, Adrian Melton, for these plaintiffs, the sum of $500.

"3. That there is now due and owing to the said plaintiffs from said defendant, on account of said collection, the sum of $500 with interest at the rate of 6 per cent. from the said 14th day of November, 1912.

"4. That plaintiffs, through their attorney, and guardian, prior to the commencement of this action, demanded payment thereof from defendant, but that no part thereof has been paid.

"Wherefore plaintiffs pray that the said defendant, Gordon Fryer, be summoned to appear and answer this petition: that upon a hearing hereof, plaintiffs have judgment against the said defendant for the sum of $500, with interest thereon, at the rate of 6 per cent. from the 14th day of November, 1912: and for all costs by them in this behalf, expended."

To the petition the defendant filed his demurrer upon two grounds, which are as follows:

"1. Said petition does not state facts sufficient to entitle the plaintiffs, or either of them, to any judgment against the defendant.

"2. Defendant specially demurs to said petition for the reason it appears from said petition that if any cause of action ever accrued to the plaintiffs, or either of them, the same accrued on the 14th day of November, 1912 and this suit is barred by the statutes of limitations."

The demurrer of defendant was sustained by the trial court, and the cause comes to this court by transcript upon appeal by the plaintiffs from the judgment of the trial court in sustaining the demurrer of the defendant.

There are two propositions urged by attorney for defendant as follows:

"1. That the petition does not state facts sufficient to entitle plaintiffs to a judgment against the defendant.

"2. That plaintiffs' cause of action is barred by the statute of limitations."

The first ground of demurrer cannot be sustained for the reason that an examination of the petition shows that every essential allegation is set forth in the petition necessary to a recovery in this case, and the petition is good against a general demurrer, and it was error for the court to sustain the demurrer upon the first ground.

The second ground urged by the defendant is that the cause of action upon its face shows that the collection was made on the 14th day of November, 1912, and action was not begun until the 31st day of October, 1921, nearly nine years after the cause of action accrued and that the same is therefore barred by the statute of limitation.

It will be observed that the petition alleges that the plaintiffs are minors, and that the suit was brought by their legal guardian and it follows that they were at all times under the disability of minority at the time the $500 was collected by the defendant up to the time of the bringing of this action.

The attorney for defendant, in his brief, urges that the action is barred as an action by Lincoln N. Ischomer, either personally or as guardian; second, that the guardian could not maintain the action because he had a personal interest in the result of the litigation, which interest may be adverse to that of the minors; third, there is a special statute providing the manner of procedure in an action of this character,

which supersedes the general statute, and that this action was not instituted in accordance therewith; fourth, that the statute of limitation has run against the plaintiffs, the minors named in the petition, with a saving clause for such minors, after they attain their majority, and that such minors had not attained their majority.

We have examined carefully the briefs of the attorneys on both sides in this action, and have examined the authorities cited and the statute law of this state applicable to the issues in this case, and we are clearly of the opinion that the statute of limitation has not and cannot run against the minors during the period of their minority in an action of this character for the recovery of moneys due said minors, and that an action in their behalf can be begun at any time during their minority or within the time within the saving clause of the statute by themselves after they have attained their majority; that the guardian brought this suit in behalf of his wards and not for himself, personally, and that he has no personal interest in it other than as representative of his wards; that the special statute to reduce to possession the property of minors is not exclusive and that this action is a proper action by the guardian; that there cannot be a suspension of the right of the minors to recover their property at any time during their minority and that the right exists at all times and is not renewed after they have attained their majority, as contended for by the defendant, but is a right that may be exercised by the guardian at any time during their minority or by themselves after they have attained their majority, within the time granted under the saving clause of the statute. While we have not been able to find any case involving the exact state of facts, as disclosed here, decided by this court, yet we find the principles which are involved here passed upon in the case of the Title Guaranty & Surety Co. v. Cowen, decided by this court on rehearing and reported in 71 Okla. 299, 177 Pac. 563, in a suit by a guardian to recover on a bond of a former guardian. This court held that he had a right to recover on the bond, notwithstanding that the minor's guardian might have brought suit sooner, and in the opinion the court used this language:

"We think, too, that after the liability is fixed, the guardian may bring suit at any time before the ward attains majority."

The third paragraph of the syllabus in the case of Title Guaranty & Surety Co. v. Cowen et al., supra, is as follows:

"In cases where the disability exists when the right of action accrues, the statute of limitations does not begin to run during the continuance of the disability."

The eighth paragraph of the syllabus in the same case on rehearing is as follows:

"The relation between guardian and ward does not give the guardian a legal title to the ward's estate but both the legal and beneficial title to personal and real property remains in the ward, and the power of the guardian is a naked trust not coupled with an interest."

In the body of the opinion we find this language:

"It is quite clear that, the right of action being in the wards, and they being by reason of infancy under disability to sue, the action by the express terms of the statute was not barred."

Following this decision, we are of the opinion that this suit was properly brought by the guardian in behalf of the minors, that the same was not barred by limitation, that the guardian had no beneficial interest, and that the court committed reversible error in sustaining the demurrer to the petition, and the judgment of the lower court should be and is hereby reversed with instructions to overrule the demurrer and to take such further action in the cause not inconsistent with this opinion.

By the Court: It is so ordered.