COOPER et ux. v. HEMBREE et al.

No. 31154. May 2, 1944.

Rehearing Denied Oct. 3, 1944.

Application for Leave to File Second Petition for Rehearing Denied Nov. 14, 1944.

*152 P. 2d 695.*

John L. Goode and Mark Goode, both of Shawnee, for plaintiffs in error.

Abernathy & Abernathy, of Shawnee, for defendants in error.

RILEY, J. This is an appeal from a judgment in favor of A. W. Hembree and A. E. Ewton, coguardians of Una Hembree, and against plaintiffs in error, Leroy G. Cooper and Hattie L. Cooper. The judgment was rendered upon a note and mortgage executed by plaintiffs in error to Tom Waldrep, guardian of Una Hembree, a minor. The defense alleged is a material alteration of the note and mortgage.

On and prior to March 8, 1934, Tom C. Waldrep was the guardian of the estate of Una Hembree, then a minor. On that date Waldrep as such guardian loaned plaintiffs in error the sum of $2,000 out of funds belonging to the estate of said ward. Plaintiffs in error executed their note and mortgage in the principal sum of $2,000 to Tom Waldrep, guardian of Una Hembree, a minor.

On August 13, 1935, Waldrep indorsed and assigned said note and mortgage to the Federal National Bank of Shawnee as collateral security for his personal indebtedness to said bank. At that time the note and mortgage had been changed so as to make it appear that the payee and mortgagee was Tom C. Waldrep. The initial "C" had been inserted therein to that end. The words "Guardian of Una Hembree, a minor" had been erased in both the note and mortgage so as to make it appear that the payee and mortgagee was Tom C. Waldrep instead of Tom Waldrep, guardian of Una Hembree, a minor. At the time the change was made, the mortgage had not been placed of record. The note and mortgage were held by the bank as collateral for Waldrep's personal indebtedness until about July 29, 1940. In the meantime, Waldrep had been removed as guardian and A. W. Hembree and A. E. Ewton had been appointed coguardians of Una Hembree. After this appointment plaintiffs learned that the bank held said note and mortgage, and demanded the return thereof to them as the property of said ward. Thereupon, on July 29, 1940, the bank re-assigned the note and mortgage to Waldrep and on the same day Waldrep assigned the note and mortgage to A. W. Hembree and A. E. Ewton, guardians of Una Hembree, an incompetent.

The parties will be hereinafter referred to as plaintiffs and defendants as they stood in the trial court.

The note being unpaid, plaintiffs commenced this action on August 6, 1940, for judgment on the note and foreclosure of the mortgage. Defendants admit the execution of the note and mortgage and do not claim that any part of the indebtedness has been paid. Their sole defense is the alleged alteration of the note and mortgage without their knowledge or consent. Plaintiffs, by reply, denied that the alterations were made by plaintiffs, or by any person or persons acting on behalf of, or authorized servants, agents or employees of, Una Hembree. The issues were tried to the court, resulting in a finding to the effect that some changes or alterations were made but that the evidence did not show conclusively what the alterations or changes were; when or by whom they were made; that whatever alterations or changes had been made were made without the knowledge or consent of the minor, Una Hembree, or her present guardians.

The trial court concluded that, as a matter of law, the plaintiffs, Una Hembree and her present guardians, were not bound by the changes or alterations. Judgment was entered accordingly, and defendants appeal.

The assignments of error are presented under two propositions, which

may be considered together. They are: That the trial court erred in not finding that the note sued upon was void because of the material alterations, and that the court erred in not finding and holding the mortgage was void for the same reason.

It is admitted that the changes were made in the note and mortgage. It is not contended that they were not material. Though the trial court did not so find, it is virtually conceded by both parties that the changes made in the note and mortgage were made by Waldrep. He was a witness and when asked who made the erasures in the note and mortgage, he answered: "I am not sure, I think I did, I am not sure." From this testimony, with other facts and circumstances in evidence, it is practically certain that Waldrep made the changes in the instruments before he indorsed and assigned them to the bank as collateral security for his personal indebtedness.

Defendants contend that the changes in the instruments were made by Waldrep, who was then guardian of Una Hembree, a minor; and further contend that they are material alterations within the meaning of 15 O. S. 1941 § 239, which provides:

"The intentional destruction, cancellation, or material alteration of a written contract, by a party entitled to any benefit under it, or with his consent, extinguishes all the executory obligations of the contract in his favor, against parties who do not consent to the act."

Plaintiffs concede that the changes were made by Waldrep, but contend that he had no beneficial interest in the note and mortgage, and that his acts amounted only to spoliation and did not amount to alteration within the meaning of said statute.

Whether a material change in a written contract is an alteration within the meaning of said statute depends upon whether the person making it has a beneficial interest therein. Francen et al. v. Oklahoma Star Oil Co. et al., 80 Okla. 103, 194 P. 193.

A change in an instrument by one having no beneficial interest therein is spoliation and does not annul the rights and obligations of the contract. State v. McGonigle, 101 Mo. 353, 13 S. W. 758. In support of their contention, defendants cite Bank of Welch v. Cabell et al., 52 Okla. 190, 152 P. 844, wherein it is said that the legal title to a promissory note payable to the order of a designated person is in the payee's name, although he is designated as guardian on the face of the note, and as both the legal title and the right to sue are in the payee as guardian, he may assign it.

But the question in this case is whether Waldrep had a beneficial interest in the note and mortgage.

In Title Guaranty & Surety Co. v. Cowen et al., 71 Okla. 299, 177 P. 563, on rehearing it is said:

"While executors and administrators hold the legal title of decedents to personal property for the benefit of creditors and distributors, the relation between guardian and ward is not one which gives the guardian the legal title to the ward's estate. The legal, as well as the beneficial, title to personal, as well as real, property remains in the ward, and the power of the guardian is a naked trust not coupled with an interest."

In Winona Oil Co. v. Barnes, 83 Okla. 248, 200 P. 981, it is held:

"The relation between the guardian and the ward does not give the court nor the guardian legal title to the ward's estate, but both legal and beneficial title remains in the ward, and the power of the court to deal with said estate is that conferred upon the court by the statute and the Constitution of this state, and the power of the guardian is a naked trust not coupled with an interest."

Ischomer et al. v. Fryer, 105 Okla. 30, 231 P. 298, holds the same.

In Cummings et al. v. United Fuel Gas Co.; 116 W. Va. 599, 182 S. E. 789, 102 A.L.R. 264, it is said:

"The title to the property of the ward does not pass to the guardian. He has its

care and management only. His position is that of an agent or attorney, not that of an assignee or trustee."

In 25 Am. Juris. 69, the general rule is stated as follows:

"Legal title to the property of an infant or incompetent ward is in the ward, rather than in the guardian. The guardian has no beneficial title in the ward's estate, being merely the custodian and manager or conservator thereof."

Defendants cite McMurtrey, Adm'r, v. Sparks, 71 Mo. App. 126, wherein it is held that an administrator taking a note payable to himself as such is beneficially interested therein and in a suit on the note is thereby concluded from averring a want of interest in its proceeds. That case is not applicable for the reason that, as pointed out in Title Guaranty & Surety Co. v. Cowen, supra, executors and administrators hold a title differing from that of a guardian. However, it is authority for the rule that changes in instruments by persons having no beneficial interest therein constitute spoliation and that spoliation does not annul the rights and obligations of the parties to the contract. The distinctions between titles of executors or administrators and guardians is recognized in Missouri. In Seilert v. McAnally, 223 Mo. 505, 122 S. W. 1064, it is said:

"So the title to personal property belonging to the ward (absent and express trust) is not vested in his guardian . . . but in the ward."

From the foregoing authorities, we conclude that Waldrep had no beneficial interest in the note and mortgage here involved, and that the changes made by him did not annul the rights and obligations of the parties to the contract, and that the trial court was correct in holding that Una Hembree and her present guardians were not bound as a matter of law by the changes so made.

Affirmed.

CORN, C. J., and OSBORN, BAYLESS, HURST, and ARNOLD, JJ., concur. GIBSON, V.C.J., and WELCH and DAVISON, JJ., concur in conclusion.