Gary **FREEMAN, Guardian of the Estate of Rocky Jess Stone, Plaintiff,**

v.

**ALEX BROWN & SONS, INC., Defendant.**

No. 94–303–S.

United States District Court, E.D. Oklahoma.

July 6, 1994.

---

**1.** *Fowler* will be consolidated with the Four–Four Defendants.

George W. Dahnke, Hastie & Kirschner, Oklahoma City, OK, for plaintiff.

T.P. Howell, Rodney J. Heggy, Bruce W. Day, Oklahoma City, OK, for defendant.

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

SEAY, Chief Judge.

This is an action brought by Gary Freeman ("Freeman"), guardian of the estate of Rocky Jess Stone ("Stone"), against Alex Brown & Sons, Inc. ("Brown") for breach of fiduciary duty and violations of the provisions of the Oklahoma Securities Act, 71 O.S. § 408. Brown has moved the court for the dismissal of this action arguing that Freeman's claims are barred by the applicable statutes of limitations. The court agrees with Brown and orders this action dismissed.

Freeman, who was appointed Stone's guardian by the District Court of Murray County on October 14, 1988, seeks to recover approximately $64,000 in losses from a $500,-005.80 investment in Putnam High Income Government Trust securities ("Putnam Trust") made by Billie Richards ("Richards"), Freeman's predecessor. Richards is Stone's mother and had been appointed conservator by the District Court of Murray County on May 9, 1985. Richards served as conservator until October 14, 1988, when Freeman was appointed Stone's guardian. It is alleged that as a result of the sale of the shares of Putnam Trust on March 16, 1987, and March 21, 1988, Stone's estate sustained a loss of approximately $64,000.

This action was filed on May 23, 1994. Freeman does not contest Brown's contention that the claims accrued no later than March 21, 1988—the date of the last sale of the shares of Putnam Trust. Given this accrual date, the claims for breach of fiduciary duty and violations of the Oklahoma Securities Act would necessarily be barred by the applicable statute of limitations[1]. Freeman, however, asserts that the issues regarding the proper statutes of limitations that apply and when those periods should be considered to have run have no relevance to the claims presented herein because the tolling provisions of 12 O.S. § 96 operate to save the claims from the bar of any statute of limitations. Section 96 provides, in relevant part:

> If a person entitled to bring an action ... be, at the time the cause of action accrued,

---

[1]. The parties reference the five-year limitation period of 12 O.S. § 95 (Seventh) as being applicable to the breach of fiduciary duty claim. Assuming an accrual date of no later than March 21, 1988, this claim would be barred as brought more than five years after such date.

With respect to the claims for violations of the Oklahoma Securities Act, section 408(f) provides that claims for securities fraud cannot be brought "more than two (2) years after the untruth or omission was discovered, but in no event more than three (3) years after the sale." Again, it is not contested that all of Freeman's securities claims should have been discovered no later than March 21, 1988. Thus, these securities claims filed on May 23, 1994, are barred under section 408(f). In his response brief, Freeman alludes to the fact that the current version of section 408(f) cited above was part of a 1992 amendment; consequently, Freeman argues for the running of

this new limitation period from the date of the amendment, July 1, 1992, thereby bringing these securities claims brought on May 23, 1994, within the two-year statute of limitations. See Trinity Broadcasting Corp. v. Leeco Oil Co., 692 P.2d 1364, 1366 (Okla.1984) (amendment extending the statute of limitations governs claim which was not barred before the amendment became effective). Freeman's argument is misplaced. The prior version of section 408(f) provided for no claim being brought "more than two years after the untruth or omission was, or in the exercise of reasonable care should have been discovered, or such longer term of limitation as may be provided by law." Under this version of section 408(f), Freeman's claim was barred as of the July 1, 1992, amendment since no claim was brought within two years of the March 21, 1988, accrual date and no longer term is provided by law.

under any legal disability, every such person shall be entitled to bring such action within one (1) year after such disability shall be removed....

Freeman relies on section 96 and argues that because Stone has been totally mentally and physically incapacitated at all times from March 22, 1985, to the present, Stone has been under a legal disability which operates to toll any applicable statute of limitations until one year after Stone's legal disability is removed. In response to this argument, Brown contends section 96 does not operate to toll the running of the applicable statutes of limitations because Freeman, and not Stone, is the only person entitled to bring the instant claims and Freeman was not under any legal disability at the time of accrual.

■ Resolution of this statute of limitations question rests upon a determination of who is "a person entitled to bring an action" under section 96. Brown argues that because legal title to the Putnam Trust vested in Richards, only Freeman, as successor to Richards, is entitled to bring an action to recover for the losses sustained in connection with the investment. While the court disagrees with Brown's statement regarding ownership in the investment being vested in the conservator or guardian, *see Title Guaranty & Surety Co. v. Cowen,* 71 Okla. 299, 302, 177 P. 563 (1919) ("[t]he legal, as well as the beneficial, title to personal, as well as real, property remains in the ward, and the power of the guardian is a naked trust not coupled with an interest"); *Ischomer v. Fryer,* 105 Okla. 30, 32, 231 P. 298 (1924), it does agree with the conclusion that the right of action with respect to the instant claims, i.e., breach of fiduciary duty and violations of the Oklahoma Securities Act, belongs to Freeman, as successor to Richards.

In reaching this decision, the court is influenced by the nature of the claims being asserted by Freeman. This is neither a personal injury nor a contractual claim involving direct or indirect contact with Stone, but rather, it involves allegations of breach of fiduciary duty, fraud, and misrepresentation with respect to Brown's contact, communications and dealings with *Richards,* who happened to be acting in a representative capacity on behalf of Stone. Any improper conduct was directed towards or communicated to *Richards,* not Stone. While Stone does indeed possess both legal and beneficial title to the property which was invested, this is not a suit about title to Stone's property, and it does not follow that Stone possesses the right of action as it pertains to the investment of the funds made by Richards acting in her representative capacity. Any fraud, misrepresentation or breach of fiduciary duty was perpetrated against *Richards,* not Stone. Thus, for purposes of interpreting section 96, *Richards* is "a person entitled to bring an action" with respect to the instant claims.

■ Tolling provisions such as section 96 are the statutory embodiment of a public policy directed towards preserving the rights of those under a legal disability to seek redress for wrongs committed against them. These statutes act as exemptions from the operation of the applicable statutes of limitations by extending the period in which suit must be brought to a time after the legal disability has been removed. As exceptions to the general application of the statutes of limitations, they should be "strictly construed, and never extended beyond their plain import." *Chuchuru v. Chutchurru,* 185 F.2d 62, 64 (10th Cir.1950); *Simon v. United States,* 244 F.2d 703, 704 (5th Cir.1957). Because the wrongs, if any, were committed by Brown against *Richards,* it would be inconsistent with the purpose of section 96 for this court to apply that section's tolling provisions to save Freeman's claims for breach of fiduciary duty and violations of the Oklahoma Securities Act based on the disconnected fact of Richards' representative capacity. Consequently, the court finds Freeman's claims barred by the statutes of limitations.

Based on the foregoing reasons, Brown's motion to dismiss is granted.

**IT IS SO ORDERED.**