Gary FREEMAN, Guardian of the
Estate of Rocky Jess Stone,
Plaintiff–Appellant,

v.

ALEX BROWN & SONS, INC.,
Defendant–Appellee.

No. 94–7099.

United States Court of Appeals,
Tenth Circuit.

Jan. 3, 1996.

George W. Dahnke, Hastie and Kirschner, Oklahoma City, Oklahoma, for Appellant.

T.P. Howell (Bruce W. Day and Rodney J. Heggy with him, on the brief), Day, Edwards, Federman, Propester & Christensen, Oklahoma City, Oklahoma, for Appellees.

Before ANDERSON, TACHA, and KELLY, Circuit Judges.

TACHA, Circuit Judge.

Plaintiff Gary Freeman, guardian of the estate of Rocky Jess Stone, commenced this action in the District Court of Murray County, Oklahoma. He sued defendant Alex Brown & Sons, Inc. ("Brown"), to recover funds lost when the company allegedly gave Freeman's predecessor poor investment advice. Brown removed the action, pursuant to 28 U.S.C. § 1441, to the United States District Court for the Eastern District of Oklahoma, which exercised jurisdiction based upon diversity of citizenship. 28 U.S.C. § 1332. On July 6, 1994, the district court granted defendant Brown's motion to dismiss on the grounds that the applicable statutes of limitation barred the plaintiff's claims. *Freeman v. Alex Brown & Sons, Inc.*, 860 F.Supp. 780, 782 (E.D.Okla.1994). Freeman now appeals the district court's order, arguing that the tolling provisions of Okla.Stat. Ann. tit. 12, § 96 (West 1988) ("§ 96") for persons of legal disability suspend the applicable statutes of limitation in this case. We exercise jurisdiction pursuant to 28 U.S.C. § 1291. Concluding that the tolling provisions of § 96 must be construed to suspend the applicable statutes of limitation and that Stone is the holder of the causes of action, we reverse the order of the district court and remand this action to that court for further proceedings.

## I. Background

On March 22, 1985, Rocky Jess Stone suffered debilitating physical injuries in a workplace accident. The injuries rendered him unable to communicate with others, comprehend his surroundings, or make decisions on his own behalf. On May 9, 1985, the District Court of Murray County, Oklahoma, appointed Billie Richards, Stone's mother, to serve as guardian and conservator of his property. In October 1986, on behalf of Stone, Richards received approximately $500,000 in settlement of Stone's claim for workers' compensation.

On October 8, 1986, Alex Brown & Sons agent Bruce Durso allegedly induced Richards to invest Stone's $500,000 estate in the Putnam High Income Government Trust, a speculative mutual fund. Brown allegedly encouraged this investment with full knowledge that the fund was subject to wide fluctuations in performance and was not an appropriate investment vehicle for estate assets, which require safety of principal and stability of income. Brown allegedly failed to inform Richards of this risk and of the fact that the trust was not intended to be a complete investment program with all assets committed to the single fund. Furthermore, the complaint alleges, Brown's agent knew that Richards controlled the funds in a fiduciary capacity on behalf of her mentally incompetent ward, that she had no significant investment experience, that she possessed a limited education, and that she relied completely on Brown's advice in making the investment.

Soon thereafter, the value of the trust shares declined precipitously. Realizing that her ward's estate was losing money, Richards began selling the shares. On March 16, 1987, she sold 5,654 shares, incurring a loss of $1,244. On March 21, 1988, Richards liquidated the remaining 34,029 shares, incurring a further loss of $61,252.

On October 14, 1988, Freeman replaced Richards as guardian and conservator of Stone's estate. He filed this lawsuit in the District Court of Murray County, Oklahoma, on May 2, 1994, seeking recovery for the above-mentioned financial losses, as well as interest, attorney's fees, and punitive damages. Freeman alleged that, in materially misrepresenting the nature of the investments to Richards, Brown was civilly liable under Section 408 of the Oklahoma Securities Act, Okla.Stat.Ann. tit. 71, § 408 (West 1988), and that Brown was also liable for a breach of fiduciary duty.

Following removal of the matter to federal court, Brown filed a motion to dismiss, arguing that the Oklahoma Securities Act claim was barred by the three-year statute of limi-

tation specified in Okla.Stat.Ann. tit. 71, § 408(f) (West 1988),[1] and that the fiduciary duty claim was barred by a five-year statute of limitation under Okla.Stat.Ann. tit. 12, § 95 (West 1988). Freeman responded that the § 96 tolling provision completely suspended the applicable statutes of limitation, permitting the claims to be raised at any time until one year after his ward's legal disability is removed. The district court found in favor of Brown and dismissed the action. This appeal followed.

 The sufficiency of a complaint, including the determination of whether it is time barred, is a question of law which we review de novo. *Hunt v. Bennett*, 17 F.3d 1263, 1265 (10th Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 107, 130 L.Ed.2d 55 (1994). On an appeal of a district court dismissal, we must accept as true the allegations contained in the complaint. *Walker v. Pacific Basin Trading Co.*, 536 F.2d 344, 346 (10th Cir.1976). In this case, neither Stone's legal disability nor the date on which the causes of action accrued is in dispute. Thus, our decision turns on two narrow issues: (1) whether § 96 serves to prevent the applicable statutes of limitation from running, and (2) whether Stone is the holder of the causes of action in this case.

### II. The Effect of § 96

 As to the first issue, relying on the decisions of the Supreme Court of Oklahoma and an earlier interpretation of § 96 by this court, we hold that the section tolls the applicable statutes of limitation.

We turn first to the general purposes underlying limitation and tolling statutes. By prescribing the periods within which claims may be brought, statutes of limitation encourage the prompt resolution of disputes and keep proprietary expectations free from disruption. As the Supreme Court of Oklahoma has noted, they also promote effective participation by defendants in the judicial process:

> The theory of limitation statutes is that a defendant should be given notice within a certain period that he will be called upon [to] defend a certain action and he should have sufficient notice to inform him as to the nature of the claim so that he will be able to preserve the evidence and prepare adequately.

*Saint Paul Fire and Marine Ins. Co. v. Spann*, 355 P.2d 567, 571 (Okla.1960). However, legislatures and courts create exceptions to such statutes where foreseeable obstacles prevent the prompt filing of complaints and where considerations of fundamental fairness demand the preservation of causes of action. In this way, statutory and equitable tolling tempers the strict regimes of dates and deadlines imposed by statutes of limitation. The objective is to ensure that a person forfeits his rights only when he inexcusably delays assertion of them.

The tolling provision under scrutiny in the present case, § 96, states in relevant part:

> If a person entitled to bring an action other than for the recovery of real property, except for a penalty or forfeiture, be, at the time the cause of action accrued, under any legal disability, every such person shall be entitled to bring such action within one (1) year after such disability shall be removed....

In interpreting such provisions, we follow the plain meaning of the words used by the legislature in light of subsequent analysis offered by the appellate courts of the state. Here, the language is broad and inclusive: if a person is legally disabled, he is protected by the provision. Accordingly, his legal claims are preserved until one year after his disability is removed. The few exceptions to this rule are stated explicitly in the statute itself.[2]

---

1. The parties dispute precisely what limitation period applies to the claims alleging violations of the Oklahoma Securities Act. Specifically, they disagree as to whether a 1992 amendment to the Act served to extend the limitation period for bringing then-existing claims. Because we hold that § 96 operates to preserve Stone's claims until one year after his legal disability is re-moved, regardless of which statutes of limitation would otherwise apply, we need not address this issue.

2. 12 O.S.A. § 96 specifically excepts actions for the recovery of real property, which are treated independently under 12 O.S.A. § 94. It also provides a separate set of deadlines for actions

Of particular importance to our disposition of this case is the fact that the tolling statute preserves a legally-disabled person's cause of action regardless of whether he is represented by a guardian who might otherwise bring the action within the normal limitation period. Accordingly, the Oklahoma Supreme Court held in *Ischomer v. Fryer* that not only may a guardian bring an action on behalf of his ward during the entire period of the ward's disability (in that case, minority), but the ward may also bring the action after the disability is removed:

> [T]here cannot be a suspension of the right of the minors to recover their property at any time during their minority, and that the right exists at all times and is not renewed after they have attained their majority, as contended for by the defendant, but is a right that may be exercised by the guardian at any time during their minority or by themselves after they have attained their majority, within the time granted under the saving clause of the statute.

231 P. 298, 299 (Okla.1924). The Oklahoma Supreme Court reiterated this understanding of the statute more recently, in *Hamilton By and Through Hamilton v. Vaden*:

> The general rule is that after a guardian *ad litem* has been appointed for a minor, the guardian has the right, but not the obligation, to sue within the prescribed period of limitation. The guardian's failure to bring suit, or the discontinuation of a suit within the statutory period does not prejudice the minor's rights. The action is not barred by the two-year limitation until one year after the disability of infancy has been removed.

721 P.2d 412, 416 (Okla.1986) (citations omitted). Thus, § 96 does more than merely delay the running of the relevant statute of limitation for a specific period of time. It indefinitely suspends the statute of limitation and preserves the legally-disabled person's claim until one year after the disability is

removed.[3] This understanding of § 96 squares with the Oklahoma Supreme Court's "longstanding recognition that the statutory rights of minors and incompetents are to be jealously guarded." *Sooner Fed. Sav. & Loan Ass'n v. Smoot*, 894 P.2d 1082, 1090 (Okla.1995).

This court has construed § 96 on one prior occasion, in *Walker v. Pacific Basin Trading Co.*, 536 F.2d 344 (10th Cir.1976). In keeping with earlier holdings of the Oklahoma Supreme Court, we refused to narrow the scope of § 96. We rejected the view that the provision excepts a legally-disabled individual who nonetheless proves himself capable of bringing legal claims within the normal limitation period by doing so through his legal guardian. *Id.* at 346–347. The only exceptions to the privileges afforded by § 96 are those enumerated within the statute itself. Accordingly, we reject Brown's argument that Freeman is barred from bringing the legal claims asserted in the present case because Richards, his predecessor as guardian, could have brought the same claims within the normal limitation period. The claims remain alive until one year after Stone's disability is removed.

### III. The Holder of the Causes of Action

■ The second issue critical to our disposition of this case is the determination of who possessed the causes of action against Brown for the misrepresentation and breach of fiduciary duty. If the claims belonged to Stone, the ward, then the "person entitled to bring an action" would be "under any legal disability;" and the § 96 tolling provision would apply. If, on the other hand, the claims belonged to Richards, Stone's guardian at the time the fraud occurred, then the limitation periods would have run; and this suit would have been time-barred when it was filed. We conclude that the ward was, and remains, the holder of any legal claims arising from Brown's fraudulent behavior.

---

arising from personal injury to minors due to medical malpractice.

**3.** If, however, the ward's disability is removed relatively soon after the cause of action arises, such that the normal statute of limitation would provide a *longer* period of time within which to

bring the action, § 96 does not suspend the statute. As the Oklahoma Supreme Court has noted, the intent of the Oklahoma legislature in enacting § 96 was "to extend the amount of time in which a plaintiff may bring a cause of action." *Hamilton*, 721 P.2d at 418.

In Oklahoma, a ward retains both legal and beneficial title to estate property:

> [T]he relation between guardian and ward is not one which gives the guardian the legal title to the ward's estate. The legal, as well as the beneficial, title to personal, as well as real, property remains in the ward, and the power of the guardian is a naked trust not coupled with an interest.

*Title Guar. & Sur. Co. v. Cowen,* 71 Okla. 299, 177 P. 563, 566 (1919); *accord Ischomer,* 231 P. at 299. As guardian of Stone's estate, Richards held no interest in the property allegedly lost due to Brown's fraudulent misrepresentations. In her contacts with Brown and in making investment decisions regarding the estate, Richards was acting in her capacity as guardian and conservator, not in her individual capacity. It is evident that Brown understood this to be the case. Indeed, it is highly improbable that Brown sought to induce Richards to invest her own relatively meager personal assets. Brown's fraudulent manipulation of Richards' investment decisions was manifestly designed to gain investment capital from the ward's estate. Thus, it is clear that all parties understood Richards to be acting in her representative capacity when she discussed investing her ward's estate with Brown.

 In Oklahoma, a guardian stands in a close representative relationship with his ward. "His position is that of an agent or attorney...." *Cooper v. Hembree,* 194 Okla. 465, 152 P.2d 695, 698 (1944). The relationship between guardian and ward is in many respects akin to that between agent and principal. Accordingly, when a third party uses an unwitting guardian to gain access to the estate of a ward, the ward, not the guardian, is the injured party. Notwithstanding the ward's legal disability, any claim to recover lost estate property lies with the ward. Under the Oklahoma tolling provision discussed above, the action may be brought on the ward's behalf either by the guardian at the time, by a successor guardian, or by the ward himself within one year after the disability is removed.

The defendant argues that the guardian was the real injured party in this instance and therefore that Richards, not Stone, held the causes of action. We regard this view as untenable. Stone held title to the property at issue; Richards lost no personal property in the transactions with Brown. Fraud may be properly characterized as an injury to *property,* and such a characterization is appropriate in this case. Thus, the fraudulent inducement to invest estate assets injured the ward's estate; it caused no personal injury to the guardian. Therefore, as legal and beneficial owner of the estate, the ward possesses any causes of action against the perpetrator of the fraud. To hold otherwise would be to vest the causes of action in an uninjured party. Such an arrangement would distort the economic incentives that encourage appropriate litigants to raise meritorious legal claims.

In sum, we find that Brown's allegedly fraudulent dealings gave rise to causes of action held by Stone. The § 96 tolling provision has preserved these claims, such that Freeman, Stone's current guardian, may raise them on Stone's behalf. Accordingly, we REVERSE the order of the district court and remand this action to that court for further proceedings consistent with this opinion.